OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Defendant argues that the People violated his right to a speedy trial by failing to indicate readiness to proceed with his trial within "six months of the commencement of [defendant’s] criminal action” as required by CPL 30.30 (1) (a). The Appellate Division reversed defendant’s original conviction, remanded the case and ordered a new trial (156 AD2d 743). Subsequently, on defendant’s second appeal, the Appellate Division remitted the matter to County Court for a CPL 30.30 hearing (188 AD2d 671). After that hearing, defendant’s conviction was upheld a third and final time in the Appellate Division (207 AD2d 849). For purposes of defendant’s CPL 30.30 (1) (a) contention, the time must be measured from the date of the Appellate Division’s reversal of defendant’s first conviction, which occurred December 26, 1989. Defendant’s claim here must fail because the record indicates that the People announced their readiness on March 22, 1990, which was within the six-month period permitted under the statute. On that date, the People stated "we have been in contact with the victim. Our intentions are to go forward”. The prior courts determined that this statement sufficiently indicated the People’s readiness for trial, and we agree.
 

 Our decision in
 
 People v Kendzia
 
 (64 NY2d 331) does not compel a different result. In
 
 Kendzia,
 
 we construed CPL 30.30 (1) (a) to require that the People (1) must communicate their state of readiness on the record and (2) must, in fact, be ready to proceed when they proclaim readiness. Regarding the second element in
 
 Kendzia,
 
 we stressed that CPL 30.30 requires actual readiness by the People, and "not a prediction or expectation of future readiness”
 
 (id.,
 
 at 337). The first element
 
 *755
 
 was satisfied by the People’s on-the-record oral communication to the court. The second element was satisfied here where the People had secured the complainant’s cooperation for retrial, possessed a valid accusatory instrument, and had produced defendant.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed in a memorandum.