*988 OPINION OF THE COURT
Edgar G. Walker, J.
Defendant moves for an order, pursuant to CPL 170.30 (1) (e) dismissing the complaint for violating the speedy trial rules under CPL 30.30 (1) (b). The People oppose defendant’s motion. For the reasons discussed below, defendant’s motion is granted.
Defendant was arraigned on November 16, 1998 for attempted assault in the third degree, assault in the third degree, criminal mischief in the fourth degree, criminal impersonation in the second degree, criminal possession of a weapon in the fourth degree and harassment in the second degree. The minutes of the November 16, 1998 proceedings indicate that, while the People filed one supporting deposition, they made no assertion that in doing so they had converted the complaint to an information, either partially or fully, and the court did not so rule at any time. After the case was adjourned, the People stated ready, but no record was made as to the reason for the adjournment.
On December 17, 1998, the People were informed that the accusatory instrument upon which defendant had been arraigned had not, in fact, been converted to an information because of lack of corroboration on the criminal impersonation count. The People do not contest this ruling. Having been so advised, the People at no time stated any intention or desire to have the complaint deemed a hybrid or partially converted instrument. The court then offered the People the option of moving to dismiss the criminal impersonation count and thereby have the accusatory instrument deemed an information. The People instead requested an adjournment in order to file a superseding complaint. The matter was adjourned to February 3, 1999 for that reason. In closing the record on December 17, the court stated, “People will be charged until they file and serve a new superseding instrument.”
On February 3, 1999 the prosecution claimed that, on January 28, 1999, they filed both a superseding complaint and a statement of readiness. Neither the court nor defense counsel had received any such documents, and the People conceded that, in fact, they had no superseding complaint. The People, therefore, requested an additional week to file one. The case was adjourned to February 26, 1999 for that purpose. In closing the record on February 3, the court stated, “time charged until [the People] file the new superseding instruments.”
*989 On February 26, 1999, the People moved to dismiss the criminal impersonation count and the motion was granted. Once dismissed, the court deemed the accusatory instrument an information and the People stated ready. The matter was subsequently adjourned for motions, none of which time is chargeable to the People or relevant to the determination of the instant motion.
Where the defendant is accused of a crime or crimes, at least one of which is a misdemeanor punishable by a sentence of imprisonment of more than three months and none of which is a felony, and the People are not prepared for trial within 90 days of the commencement of the criminal action, the court must grant the defendant’s motion to dismiss for failure to provide a speedy trial. (GPL 30.30 [1] [b].) The People claim that their statement of readiness at defendant’s arraignment was effective to toll the speedy trial time.
In order to toll the speedy trial time, the People must not only communicate their readiness for the record, but must do so when they are, in fact, ready to proceed to trial. (People v Kendzia, 64 NY2d 331.) The People cannot, in fact, be ready for trial without a valid accusatory instrument upon which the defendant may be tried. (People v Wilson, 86 NY2d 753.) In the case before the court, the defendant was arraigned on November 16, 1998. At that time, the complaint had not been converted to an information. In the absence of defendant’s waiver of prosecution by information, the prosecution did not possess a valid accusatory instrument upon which the defendant could be tried and the People’s statement of readiness was, therefore, a nullity.
Although stating ready at arraignment, the People made no request for partial conversion of the accusatory instrument, nor did they indicate any intention of proceeding against the defendant separately on the converted counts. Even on December 17, 1998, after being notified by the court that the accusatory instrument was insufficient as to the fourth count, the People failed to make any request or state any desire to proceed on a partially converted instrument. While in the appropriate case, speedy trial computations may differ with respect to individual counts of an accusatory instrument (see, dictum in People v Minor, 144 Misc 2d 846 [App Term, 2d & 11th Jud Dists]), neither the People nor the court at arraignments differentiated among the counts with respect to the People’s trial readiness.
Furthermore, it is not sufficient to stop the speedy trial clock, even on a fully converted accusatory instrument, for the People *990 merely to state “ready” upon the adjournment of the case. Even for a postreadiness adjournment, it is the People’s burden to make a “contemporaneous record” of the reason for the adjournment which is “sufficiently clear to enable the court considering the subsequent CPL 30.30 motion to make an informed decision as to whether the People should be charged.” (People v Cortes, 80 NY2d 201, 215-216.) Failure to satisfy this “primary obligation” mandates that time for the adjournment be charged to the People. (People v Cortes, supra, at 216.)
Making a clear record is of particular importance where the People seek to apply different speedy trial calculations to different counts of a single accusatory instrument. It is also of heightened importance at the initial arraignment of a defendant after his arrest, where any statement of readiness to proceed to trial is subject to question, for the People to make a clear record as to the reason for the adjournment. In most cases with a fully converted accusatory instrument, defense counsel may very well consent to the adjournment or request time to make motions. But, even in such a case, consent cannot be inferred from counsel’s failure to object. (People v Cortes, supra.)
In this case, with only a partially converted accusatory instrument, no such inference is remotely tenable. In response to the court’s query, “What date?”, defense counsel responded, “What kind of date are you looking for?” (emphasis added). Defense counsel selected a convenient date during the week specified by the court. Although the People then stated ready, no reason was offered for the adjournment.
On each of the two subsequent dates in question, the People requested an adjournment for .the stated purpose of preparing and filing a superseding accusatory instrument. Again, no mention was made of partial conversion or of an intent to proceed to trial separately on the converted counts. These adjournments, at the request of the People, without specifying any counts as to which they were not requesting an adjournment, are clearly includable as to all counts. If the People wish the court to make separate speedy trial computations with respect to individual counts, they must make a separate, contemporaneous record as to the reason for the adjournment of each such count. Having failed to make such a contemporaneous record, the People cannot now claim that these adjournments should be excludable.
*991 There are, therefore, a total of 102 days chargeable to the People as to all counts. Defendant’s motion to dismiss is granted as to all counts.