OPINION OF THE COURT
Joseph E. Macy, J.
This matter is before this court pursuant to the order of the Appellate Term of the Supreme Court for the 9th and 10th Judicial Districts dated April 7, 2017 (55 Misc 3d 137[A], 2017 NY Slip Op 50510[U] [2017]) and which reversed the court’s order (Mass, J.) dated August 4, 2014, and which found the defendant guilty after trial of violating seven counts of the Code of the Incorporated Village of Muttontown of permitting the cutting of an oak tree with a caliber of more than seven inches without a permit and which further denied, without a hearing, defendant’s motion to dismiss the accusatory instrument on speedy trial grounds (CPL 30.30). Pursuant to decision and order the Appellate Term remitted the matter to this court for a new trial and to afford the defendant the opportunity to make a written pretrial motion to dismiss the accusatory instrument on speedy trial grounds. On April 17, 2017 the defendant filed his motion with this court (the motion).
Upon this motion, the court has considered the decision and order of the Appellate Term for the 9th and 10th Judicial Districts dated April 7, 2017, the defendant’s motion including the affirmation of Anthony DeCarolis, Esq., affirmed on April 13, 2017, the affidavit of defendant Pericles Linardos sworn to on April 13, 2017, and each of the exhibits annexed in support *601 of the motion and the defendant’s memorandum of law in support of his motion. The court has further considered the affirmation in opposition of Thomas J. Mullaney, dated May 11, 2017, and the exhibits annexed thereto, together with the People’s memorandum of law in opposition to the motion. The court has further reviewed the file in this action and the decision and order of Justice Mass dated August 4, 2014, with respect to the procedural history of this matter.
The matter before the court on this motion has an extended history in this heavily contested litigation. The court will set forth the history of this matter to the extent that it is necessary to a determination of the issues on this application.
Defendant in this matter was charged with seven counts of violating Local Law No. 5 (2006) of the Incorporated Village of Muttontown as codified in Muttontown Village Code § 172-3 (A) (1) in that it is alleged that the defendant permitted the cutting down of seven large oak trees without a permit.
On February 14, 2013 the defendant appeared pro se before the Muttontown Village Justice Court, at which time he was arraigned before Hon. Martin Kaminsky, Village Justice. The defendant contends that at the time of arraignment the People did not state that they were ready to proceed to trial. Nevertheless, the record reveals that the People did request that the court schedule a trial date.
“THE COURT: How do you plead, guilty or not guilty?
“THE DEFENDANT: I would like to see it dismissed.
“THE COURT: What you are going to do is plead not guilty and talk to the prosecutor and see if you can convince them further or first about it. If so, then you will present a proposal to me.
“MS. PRICE: At this time the People would mark the matter for trial.
“THE COURT: You don’t want to discuss it at all?
“MS. PRICE: There is no dismissal on this one.”
The court then inquired of the defendant whether he desired to make a motion. In sum and substance, defendant advised the court that he was moving to dismiss the accusatory instrument on the grounds that he was not properly served and upon the grounds that Muttontown Village Code § 172-3 (A) does not require a permit for the cutting down of trees where necessary *602 to address an imminent peril to life or property. (Decision and order dated Aug. 4, 2014, Mass, J.; affirmation of Anthony De-Carolis, affirmed on Apr. 13, 2017.) (Defendant’s first motion.)
On April 5, 2013 the court (Kaminsky, J.) issued a written decision and order denying defendant’s first motion without prejudice to renew “upon a more full-some record, either at trial or a more detailed motion before trial.”
Based upon a review of the court file, it appears that following Justice Kaminsky’s decision this matter did not appear back on the calendar until June 24, 2013, on which date the defendant, pro se, filed a “Motion for Reconsideration of Order Denying Motion to Dismiss.” Pursuant to this motion, defendant argued that his conduct was justified by the existence of an ongoing emergency and that he was immune from liability pursuant to General Municipal Law § 205-b, and sought dismissal of the charges in the interest of justice. (Defendant’s second motion.) Notably, there is no annexed notice of motion scheduling a return date for the defendant’s second motion. However, the court, by letter dated July 24, 2013, entered a scheduling order directing the People to serve their opposition on or before August 12, 2013 and granting defendant until August 26, 2013 to serve a reply. The court’s order further advised the defendant as follows:
“In the meantime, the court advises Mr. Linardos that, in an ex parte discussion at another court session, the court asked the People to respond to the interest-of-justice issue raised on the motion with respect to the effects and consequences of Hurricane Sandy. The court did so for scheduling and administrative purposes; and it did not entertain any discussion on the merits of the motion or this case. The court assumes that, since that issue was raised in the Motion Mr. Linardos wishes it to be addressed as the court directed. However, if Mr. Li-nardos wishes to respond as to the court’s ex parte discussion with the People’s counsel, he is free to do so.”
On August 12, 2013, the People filed opposition to the defendant’s second motion together with a cross motion seeking the recusal of Justice Kaminsky. Thereafter and in compliance with the court’s scheduling order, the defendant filed his opposition to the cross motion and reply in further support of his application.
*603 On September 3, 2013, the People filed a reply memorandum in support of their cross motion for recusal.
By opinion and order dated December 30, 2013, Justice Ka-minsky rejected the People’s arguments for recusal and concluded that he was capable of impartially adjudicating the matter before the court. Notwithstanding, Justice Kaminsky recused himself without further determining defendant’s second motion and referred the motion to the Associate Village Justice. (Decision and order dated Aug. 4, 2014, Mass, J.; affirmation of Anthony DeCarolis, affirmed on Apr. 13, 2017.)
On February 4, 2014, Justice Mass denied defendant’s second motion (for reconsideration of order denying motion to dismiss), without prejudice, with leave to renew upon the trial of the action.
Thereafter, Anthony DeCarolis, Esq., filed his notice of appearance dated May 21, 2014 with the court and demanded service of all notices and papers in this case upon him.
On May 22, 2014, the People and defendant appeared before this court for trial. When the case was called, counsel for the defendant requested an adjournment to examine the court records in order to permit him to make a pretrial motion for a change of venue and to dismiss the informations on the grounds that he had been denied a speedy trial as required by Criminal Procedure Law § 30.30. After hearing extensive legal argument from both the People and the defendant, the court ruled as follows:
“THE COURT: Okay. So here is what we are going to do. The motion for a change of venue is denied. “As far as your motion under Section 30.30, I can’t rule on it tonight without it being briefed. So we are going to proceed. If the results are not favorable to you, you will have an opportunity to brief that position for me.”
Following the court’s decision not to grant an adjournment of the trial, counsel for the defendant stated that his client had elected to dismiss him and to proceed to trial, pro se. After the court granted counsel’s application to be relieved as the defendant’s attorney, the matter then proceeded to trial. At the conclusion of the testimony, the court reserved decision on both the trial and upon defendant’s speedy trial motion.
On August 4, 2014, after both defendant and the People had submitted written memorandums of law the court denied defendant’s CPL 30.30 motion and found the defendant guilty on *604 each of the informations. (Decision and order dated Aug. 4, 2014, Mass, J.)
Defendant timely filed notice of appeal from the court’s decision and order dated August 4, 2014. On April 7, 2017, the Appellate Term of the Supreme Court for the 9th and 10th Judicial Districts reversed the defendant’s conviction “as a matter of discretion in the interest of justice” and remitted the matter to this court for a new trial and all further proceedings including the filing of a written pretrial motion to dismiss the accusatory instrument on statutory speedy trial grounds. (2017 NY Slip Op 50510 [U], *1.)
On April 10, 2017, the People filed a written certificate of readiness for trial together with accompanying affidavit of service upon the defendant and his counsel. It is undisputed that the filing of this certificate on April 10, 2017 was the first time in the extended history of this case that the People had filed a written certificate of readiness.
Defendant filed this motion to dismiss the informations pursuant to CPL 30.30 on April 17, 2017. Thereafter, Justice Mass recused himself and the matter was referred to me for determination.
CPL 30.30 (1) (d) provides that where a defendant is charged with one or more offenses, at least one of which is a violation and none of which is a crime, a defendant is, upon motion, entitled to a dismissal of the information where the People are not ready for trial within 30 days. Penal Law § 10.00 (3) defines a violation as an offense, other than a traffic violation, for which a sentence in excess of 15 days may not be imposed. Section 172-6 (C) of the Muttontown Village Code provides that each violation of chapter 172 shall be punishable by a fine in the amount of $250 for each caliber inch, or part thereof, of tree and $250 for each shrub or ground covering plant and/or imprisonment for a term not exceeding 15 days. Accordingly, the offense before the court is a violation, governed by CPL 30.30 (1) (d).
In opposition, the People argue that the defendant’s motion is governed by CPL 30.30 (5) (a) and that following reversal of the original conviction and order for a new trial, the speedy trial calculation begins anew and must be measured from the date of the reversal of defendant’s first conviction. (Citing People v Wilson, 86 NY2d 753 [1995].) In Wilson, the Court of Appeals stated, “For purposes of defendant’s CPL 30.30 (1) (a) contention, the time must be measured from the date of the *605 [appellate court’s] reversal of defendant’s first conviction.” (86 NY2d at 754.)
The court concludes that the People’s reliance on Wilson is misplaced. In that case, the defendant was convicted after trial. On appeal, the Appellate Division reversed the conviction and remanded the matter for a new trial. After the defendant was convicted at a second trial, the Appellate Division again reversed and remanded the matter for a hearing on defendant’s CPL 30.30 motion. After the motion was denied, defendant again appealed.
Unlike the Wilson case, the question before the court on the instant motion is not whether, after remand, the elapsed time prior to the initial verdict and reversal on appeal should be included in a subsequent speedy trial calculation after remand. Rather, the Appellate Term reversed this court’s initial verdict and remanded this matter “to afford defendant an opportunity ... to make a written pretrial motion ... to dismiss the accusatory instrument on statutory speedy trial grounds.” (2017 NY Slip Op 50510[U], *3.) In sum and substance, the Appellate Term concluded that in conducting a trial without first affording the defendant an opportunity to make a written motion, the court denied defendant an adequate opportunity to establish whether grounds existed for the dismissal of the information on speedy trial grounds before the matter was tried to verdict. It would render the Appellate Term’s order, together with the defendant’s right to a speedy trial, meaningless if a possible violation of defendant’s speedy trial rights prior to conviction could be simply ignored by remanding the matter for consideration as to whether these same speedy trial rights were violated.
Having concluded that the matter is governed by CPL 30.30 (1) (d) and that the People were required to be ready for trial within 30 days of defendant’s initial arraignment, the court now turns to the calculation of days chargeable to the People to determine whether the defendant’s speedy trial rights have been violated. The defendant argues that because the People did not file a certificate of readiness until April 10, 2017, a period of time indisputably beyond the 30 day period in which they were required to be ready, they were not ready within the statutory time period and the motion must be granted. However, this does not end the inquiry. It is clear that the People’s filing of a certificate of readiness was in response to the Appellate Term’s reversal and remand for a new trial. The *606 filing of the certificate of readiness on April 10, 2017 was intended to reflect the People’s readiness to proceed after remand. This does not address the question of at what time after the defendant’s initial arraignment the People were ready for trial.
The record in this matter reflects that when the defendant appeared for arraignment on February 14, 2013, the court inquired of the People and the defendant whether they wanted to conference the matter. In response, the Village Prosecutor stated to the court, “At this time the People would mark the matter for trial.” The People further indicated “there is no dismissal on this one.” The question, therefore, is whether by asking that a trial date be set, the People evinced a readiness to proceed to trial.
In People v Wilson (86 NY2d 753 [1995]), the Court of Appeals concluded that a similar expression of the People’s intention to proceed to trial constituted a sufficient expression of readiness to require denial of the defendant’s speedy trial motion. In considering whether the prosecutor’s statement was sufficient to constitute an expression of readiness, the Court of Appeals stated:
“Defendant’s claim here must fail because the record indicates that the People announced their readiness on March 22, 1990, which was within the six-month period permitted under the statute. On that date, the People stated ‘we have been in contact with the victim. Our intentions are to go forward’. The prior courts determined that this statement sufficiently indicated the People’s readiness for trial, and we agree.” (86 NY2d at 754.)
For identical reasons, this court concludes that the People’s request that the case be marked for trial at the time of arraignment was an unequivocal expression of their readiness to proceed. Indeed, the People’s request that the matter be set down for a trial reflects a far clearer expression of their intention to proceed than that which the Court of Appeals found sufficient in Wilson. Because the People expressed their readiness, on the record, to proceed to trial within the 30 day period required by the statute, the motion must be denied.
However, even assuming arguendo that the prosecutor’s statement was not deemed to constitute a statement of the People’s readiness to proceed, the motion must still be denied. In calculating the period of time in which the People must be ready for trial, CPL 30.30 (4) provides that a reasonable period *607 of delay relating to pretrial motions must be excluded. In order to calculate the time charged to the People, the court will examine the periods relating to motion practice.
Defendant was arraigned on February 14, 2013. At the arraignment, the defendant advised the court of his intention to seek the dismissal of the informations. On April 5, 2013, the court denied defendant’s motion with leave to renew upon a more “full-some” record. Between February 14 and April 5, 2013, a total of 50 days elapsed. Because this 50 day period relates to the defendant’s motion, this time is excluded for purposes of the speedy trial calculation. (CPL 30.30 [4] [a].)
Following the court’s decision on April 5, 2013 the matter was placed on the calendar for a new date of June 24, 2013. This constitutes a period of 80 days. However, the court concludes that none of this time is chargeable to the People for purposes of calculating speedy trial. First, following a decision on a motion, it is necessary for a court to assign a new calendar date for further proceedings consistent with the decision. Accordingly, it is reasonable to treat this period as part of the time relating to the motion practice and, thus, excluded pursuant to CPL 30.30 (4) (a). The court is also persuaded by the reasoning of the court in People v Zulli (165 Misc 2d 190 [Valley Stream Just Ct 1995]) which in considering a similar issue noted:
“In the case at bar, this court finds the delay reasonable. Like most Village Justice Courts, this court does not meet on a daily basis, but only one night a week. It is reasonable, therefore, that certain time limits that exist in the superior courts cannot be adhered to in a local Justice Court. The court notes the defendant was provided with an opportunity to respond to the prosecutor’s opposing papers, and no prejudice resulted from the delay. Accordingly, this court in its discretion shall exclude the pretrial motion period from speedy trial time considerations. (People v Inswood, 180 AD2d 649 [2d Dept 1992], lv denied 79 NY2d 1002 [1992].)” (165 Misc 2d at 191.)
Accordingly, the court excludes this period from the calculation of the speedy trial time.
The parties next appeared before the court on June 24, 2013. On that date, the defendant filed a further motion seeking to have the court reconsider its prior order denying the motion to dismiss and further seeking dismissal in the interest of justice. *608 In response to this motion, the court entered a scheduling order. On December 30, 2013, the court issued an order recusing itself. The motion was then referred to the Associate Village Justice for determination. For the reasons previously set forth, the court concludes that all of this time, totaling 189 days, is excluded in calculating the time in which the People must have been ready for trial.
Similarly, the period of 36 days between when Justice Ka-minsky recused himself and referred the motion to the Associate Justice (Mass, J.) and the motion was decided on February 4, 2014 must also be excluded under CPL 30.30 (4) (a). The entirety of this time period is attributable to the defendant’s motion practice.
Following the court’s decision on February 4, 2014, the matter was reset and appeared on the court’s calendar for trial. On that date, 107 days after the court decided the motion, the matter proceeded to trial. The trial of the cause on that date' effectively terminates the speedy trial calculation. This court concludes that because this delay was occasioned by the motion practice and the dictates of the court’s schedule, for the reasons previously set forth, this time may not be counted in calculating the time period under CPL 30.30.
The court therefore determines that as of the arraignment of the defendant on February 14, 2013 the People unequivocally communicated their readiness and were prepared to proceed to trial. Contrary to the defendant’s suggestion, there is no magic inherent in a written certificate of readiness, nor requirement, that the People’s readiness to proceed to trial might only be communicated by the filing of such a certificate. All of the subsequent delays are attributable to the motion practice initi-* ated by the defendant. Accordingly, for the reasons set forth, the court concludes that the People were ready and proceeded to trial within the statutory 30 day period mandated by CPL 30.30. Accordingly, the defendant’s motion to dismiss is denied in its entirety.
Notwithstanding this determination, the court is mindful of the extensive delays to which this matter has been subject. With the decision of this motion, the defendant is entitled to have this matter tried to verdict as quickly as the court’s calendar will permit. Accordingly, this court directs the Clerk of the court to calendar this matter for trial at the first avail *609 able trial date on which I am scheduled to preside. If this is an arraignment and conference night, the Clerk is nevertheless directed to calendar the matter for that evening so that it may be tried on the first available date.