The People of the State of New York, Respondent,
against
Thomas Chin, Defendant-Appellant.




Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Joanne B. Watters, J., at speedy trial motion and reargument; Althea E. M. Drysdale, J., at trial and sentencing; Jay L. Weiner, J., on remand of speedy trial motion), rendered June 7, 2018, convicting him of sexual abuse in the third degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Joanne B. Watters, J., at speedy trial motion and reargument; Althea E. M. Drysdale, J., at nonjury trial and sentencing; Jay L. Weiner, J., on remand of speedy trial motion), rendered June 7, 2018, affirmed.
Defendant's speedy trial motion was properly denied on remand. Defendant did not meet his burden of demonstrating that the People's statement of readiness, which is "presumed truthful and accurate," was illusory (People v Brown, 28 NY3d 392, 405 [2016]; see People v Sibblies, 22 NY3d 1174, 1180 [2014] [Graffeo, J., concurring]). The People could legitimately declare their readiness while attempting to secure the cooperation of the complaining witness to strengthen their case (see People v Dauphin, 112 AD3d 471, 472 [2013]; People v Wilson, 86 NY2d 753 [1995]) and the record supports the inference that they were always able to proceed without her by relying on other evidence, as they ultimately did (see People v Gnesin, 127 AD3d 652, 652-653 [2015], lv denied 25 NY3d 1164 [2015]).
Since "post-readiness delay may be charged to the People only where and to the extent a delay is actually caused by them" (People v Dushain, 247 AD2d 234, 236 [1998], appeal denied 91 NY2d 1007 [1998]), the motion court properly found that the majority of the adjournments were excludable since they were caused by defendant's scheduling requests, not inaction on the part of the People (see CPL 30.30[4][b]).
The court also providently exercised its discretion in granting the People's request, on remand, for an additional two weeks to respond to defendant's motion. While we are cognizant of the frustration occasioned by the People's failure to adhere to the original motion schedule, [*2]summarily granting the defense motion to dismiss without considering the merits would have been improper under the circumstances since the charge defendant was convicted of was serious and the additional time, which was not part of a pattern of delay, did not result in any prejudice to defendant, as he had already been convicted and was not incarcerated (see People v Lora, 177 AD3d 518, 521 [2019], lv granted 34 NY3d 1164 [2020]). 
The verdict convicting defendant of sexual abuse in the third degree (see Penal Law § 130.55) was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]), which included the testimony of four police officers who witnessed defendant's pattern of grinding behavior directed against female subway riders. There is no basis for disturbing the court's determinations concerning credibility. Defendant's purpose of sexual gratification could be inferred from his conduct (see Penal Law § 130.00[3]; Matter of Karina L. (Israel R.), 106 AD3d 439 [2013]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
All concur.


Clerk of the Court
Decision Date: May 22, 2020