Park Cent. 1 LLC v Williams (2020 NY Slip Op 50765(U))

[*1]

Park Cent. 1 LLC v Williams

2020 NY Slip Op 50765(U) [67 Misc 3d 144(A)]

Decided on June 25, 2020

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 25, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Shulman, P.J., Cooper, Torres, JJ.

Nos
.20-107/108

The Park Central 1 LLC and E
& M Lafayette Apts. LLC, Petitioner-Landlord-Appellant, 
against
Cheryl Williams, Respondent-Tenant, -and- Arthur Whaley,
Respondent-Undertenant-Respondent, -and- John Doe and Jane Doe,
Respondents-Undertenants.

Petitioner-landlord appeals from (1) an order of the Civil Court of the City of New
York, Bronx County (Steven Weissman, J.), dated February 4, 2019, which granted the
motion of respondent-undertenant Arthur Whaley for summary judgment dismissing the
petition and denied, as moot, landlord's cross motion for leave to conduct discovery
against respondent-tenant Cheryl Williams in a holdover summary proceeding, and (2) a
final judgment (same court and Judge), entered March 6, 2019, which dismissed the
petition and awarded succession rights to respondent-undertenant Whaley.

Per Curiam.
Final judgment (Steven Weissman, J.), entered March 6, 2019, reversed, with $30
costs, undertenant's motion for summary judgment denied, petition reinstated and
petitioner-landlord's cross motion to compel the deposition of respondent-tenant Cheryl
Williams granted. Appeal from order (Steven Weissman, J.), dated February 4, 2019,
dismissed, without costs, as subsumed in the appeal from the final judgment.
This holdover proceeding is not susceptible to summary dismissal, since respondent
Arthur Whaley, the son of the tenant of record, failed in his burden to demonstrate the
absence of triable issues with respect to his proffered succession defense (see
Rent Stabilization Code [9 NYCRR] §§ 2523.5[b][1],[e]). The evidence in the
record shows that while the stabilized tenant [*2]executed a series of renewal leases extending her tenancy in
the subject Bronx apartment through March 31, 2017, she was also the tenant (with her
husband) of a Low Income Housing Tax Credit apartment in Lawrence, Massachusetts
since 2011, pursuant to a lease that expressly required her to "live and use" the
Massachusetts apartment as her "only place of residence." Tenant twice renewed the
lease for the Massachusetts apartment solely in her own name following the death of her
husband in 2015. Tenant was also admittedly absent from the New York apartment for
"months at a time" between 2011-2015. Thus, on this record, triable issues are presented
as to whether respondent resided with tenant in the subject apartment during the two-year
period immediately preceding tenant's permanent vacatur (see Matter of Well Done Realty,
LLC v Epps, 177 AD3d 427 [2019]; Third Lenox Terrace Assoc. v Edwards, 91 AD3d 532, 533
[2012]; see also Matter of Glass
v Glass, 29 AD3d 347, 349 [2006] [Rent Stabilization Code "requires
simultaneous tenancy by the potential successor with the rent-stabilized tenant for the
two years immediately prior to the tenant's permanent removal from the premises"]).
As we have previously noted, "there is a split in authority between the Appellate
Divisions of the First and Second Departments regarding when the 'permanent vacating
of the housing accommodation by the tenant occurs'" (West 48th Holdings LLC v
Herrera, 66 Misc 3d 150[A], 2020 NY Slip Op 50284[U][App Term, 1st Dept
2020][citations omitted]). Contrary to the conclusion reached below, "[c]learly, we are
bound by the law as promulgated in the Appellate Division, First Department, until the
Court of Appeals makes a dispositive ruling on the issue" (id.; see D'Alessandro v Carro, 123
AD3d 1, 6 [2014]).
Landlord demonstrated "ample need" (see New York Univ. v Farkas, 121
Misc 2d 643, 647 [Civ Ct, NY County 1983]) to depose the stabilized tenant, since it is
clear that tenant possesses particular knowledge which could shed light on the occupancy
issues raised in connection with her son's succession claim to the subject apartment (see 656 W. Realty, LLC v
Blanco, 32 Misc 3d 128[A], 2011 NY Slip Op 51254[U] [App Term, 1st Dept
2011]). 
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: June 25, 2020