People v Castro (2020 NY Slip Op 50784(U))

[*1]

People v Castro (William)

2020 NY Slip Op 50784(U) [67 Misc 3d 144(A)]

Decided on July 6, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 6, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Shulman, P.J., Cooper, Torres, JJ.

18-372

The People of the State of New York,
Respondent, 
against
William Castro, Jr., Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Lyle E. Frank, J., at speedy trial motion; Ann E. Scherzer, J., at trial), rendered
March 2, 2018, after a jury trial, convicting him of driving while intoxicated per se, and driving
while ability impaired, and imposing sentence.

Per Curiam.
Judgment (Lyle E. Frank, J., at speedy trial motion; Ann E. Scherzer, J., at trial), rendered
March 2, 2018, affirmed.
Defendant's speedy trial motion was properly denied. Defendant did not meet his burden of
demonstrating that the People's August 16, 2016 off-calendar certificate of readiness, which is
"presumed truthful and accurate," was illusory (People v Brown, 28 NY3d 392, 405
[2016]; see People v Sibblies, 22 NY3d 1174, 1180 [2014][Graffeo, J., concurring]). The
People set forth valid reasons for their change in readiness status at subsequent court
appearances, and defendant failed to show that the People were not in fact ready to proceed
(see People v Brown, 28 NY3d at 406; People v Wilson, 86 NY2d 753
[1995]).
The trial court providently exercised its discretion in limiting the scope of the testimony of
defendant's expert. The admissibility and limits of expert testimony lie primarily in the sound
discretion of the trial court (see People v Lee, 96 NY2d 157, 162 [2001]; People v
Cronin, 60 NY2d 430, 433 [1983]). Here, defendant's expert, Dr. Joseph Anderson, an
assistant professor in bioengineering with a degree in chemical engineering, was permitted to
testify regarding how alcohol moves from one's blood and into one's breath, how the amount of
air that a person can exhale can impact the results of a blood alcohol test and how medical
conditions such as emphysema and asthma can lead to a falsely elevated breath alcohol
concentration in an exhaled breath. However, based upon the fact that Dr. Anderson was not a
medical doctor and had no expertise in asthma or alcohol breath tests, the trial court correctly
concluded that he could not testify as an expert that a breath sample from an asthmatic person
"will show" a higher level of alcohol concentration than a breath sample from a person without
asthma, or stated differently, that the breath samples provided by every person with asthma are
inaccurate (see People v Heidelmark, 214 AD2d 767, 770 [1995], lv denied 85
NY2d 973 [1995]).
With respect to the portable breath test [PBT] administered to defendant at the scene, the
court found that the People had not presented sufficient evidence of the reliability of PBT results,
but nevertheless permitted the arresting officer to testify that he administered a PBT to defendant
that produced a "positive" result for alcohol for purposes of explaining police actions leading to
defendant's arrest (see People v
Johnson, 117 AD3d 637, 639 [2014], lv denied 26 NY3d 930 [2015]). Even
assuming, without deciding, that admission of this testimony was improper, any error was
harmless beyond a reasonable doubt in light of the overwhelming evidence of defendant's guilt
(see People v Crimmins, 36 NY2d 230, 241-242 [1975]), including police testimony that
defendant drove some twenty miles over the speed limit and exhibited visible signs of
intoxication, his unsatisfactory performance of physical sobriety tests, and the Intoxilyzer 5000
test results showing that defendant had a blood alcohol content of .103%, which is above the
legal limit of .08%.
Defendant's claim that the court improperly gave the jurors written copies of its charge is
unpreserved and we decline to review it in the interest of justice (see People v McFadden, 162 AD3d
501 [2018], lv denied 32 NY3d 939 [2018]). As an alternative holding, the decision
was made on consent of both parties, the court provided proper instructions concerning the use of
written copies of the charge, and there was no showing of prejudice (see People v Muhammad, 171 AD3d
442, 449 [2019], aff'd 34 NY3d 1152 [2020]; People v McFadden, 162 AD3d 501 [2018], lv denied 32
NY3d 939 [2018]).
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: July 6, 2020