People v Solito-Leon (2021 NY Slip Op 51174(U))

[*1]

People v Solito-Leon (Edwin)

2021 NY Slip Op 51174(U) [73 Misc 3d 139(A)]

Decided on December 3, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 3, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., ELIZABETH H. EMERSON, HELEN
VOUTSINAS, JJ

2020-609 OR CR

The People of the State of New York,
Appellant,
against
Edwin Solito-Leon, Respondent. 

Orange County District Attorney (Andrew R. Kass of counsel), for appellant.
Yvonne F. Garbett, for respondent (no brief filed).

Appeal from an order of the Justice Court of the Village of Monroe, Orange County (Forrest
Strauss, J.), rendered March 1, 2020. The order granted defendant's motion to dismiss the
accusatory instrument on the ground that his right to a speedy trial had been violated.

ORDERED that the order is affirmed.
Defendant was charged in a misdemeanor complaint with sexual abuse in the second degree
(Penal Law § 130.60 [2]), a class A misdemeanor. In the factual portion of the misdemeanor
complaint, Police Officer Timothy Young alleged:
"Defendant did subject another person to sexual contact, that person being less than
14 years of age, two wit; On the aforesaid date and time Edwin Solito-Leon (DOB: 05/13/1998)
did in fact subject a 13-year-old female to sexual contact while at her residence located at 136
Rye Hill Road in the Village of Monroe, County of Orange, State of New
York.
This complaint is based on information and belief, the
source being, STATEMENT OF ADMISSION OF EDWIN
SOLITO-LEON."
Annexed to the misdemeanor complaint was a signed
statement by defendant in which he admitted knowing a girl who was only identified by her first
name, who kissed him but he did not kiss her back. Thereafter, a supporting deposition was filed,
in which H.M., the female child victim, alleged that an "Edwin Gonzalez" committed specified
acts of sexual abuse in the second degree against her. A prosecutor's information was
subsequently filed with the court on February 19, 2020 charging defendant with sexual abuse in
the second degree. It contains an allegation that "defendant [] touch[ed] the vagina of H. M., a
13-year-old[,] while attempting to engage in further sexual contact." Annexed to the prosecutor's
information is a copy of the original misdemeanor complaint and the supporting deposition of the
victim.
Defendant moved to dismiss the accusatory instrument on the ground that his right to a
speedy trial had been violated. The Justice Court granted the motion. This appeal by the People
ensued.
A prosecutor's information, filed pursuant to CPL 100.50 (2), is defective when "the factual
allegations of the original information underlying it and any supporting depositions are not
legally sufficient to support the charge in the prosecutor's information" (CPL 170.35 [3] [b]), or
when it otherwise fails to conform to the requirements of CPL 100.35 (see CPL 100.40
[3]; People v Hassan, 63 Misc 3d
158[A], 2019 NY Slip Op 50838[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2019]). To be facially sufficient, the factual allegations of an information, together with those of
any supporting depositions, must "provide reasonable cause to believe that the defendant
committed the offense charged" (CPL 100.40 [1] [b]; see People v Ocasio, 28 NY3d 178, 180 [2016]). While the law
does not require that an information contain the most precise words or phrases most clearly
expressing the charges, the offense and factual bases therefor must be sufficiently alleged (see People v Konieczny, 2 NY3d
569, 575 [2004]) and "an accusatory instrument must be given a reasonable, not [an] overly
technical reading" (id. at 576; see also People v Casey, 95 NY2d 354, 360
[2000]). 
Among other things, the instrument must establish reasonable cause to believe that it is the
named accused who committed the offense (see e.g. People v Kalin, 12 NY3d 225, 228-229 [2009]; People
v Dumas, 68 NY2d 729, 731 [1986]; People v Rosano, 25 Misc 3d 129[A], 2009 NY Slip Op 52110[U]
[App Term, 2d Dept, 9th & 10th Jud Dists 2009]; see generally People v Henderson,
92 NY2d 677, 679 [1999]; People v Alejandro, 70 NY2d 133 [1987]). Furthermore, an
admission by a defendant may be used in an information (see generally People v Suber, 19 NY3d 247 [2012]).
Here, the factual portion of the underlying information contains a conclusory allegation that
defendant committed sexual abuse in the second degree. Moreover, the supporting deposition of
the 13-year-old victim names "Edwin Gonzalez" as her assailant, and there are no facts alleged in
her supporting deposition establishing reasonable cause to believe that Edwin Solito-Leon was
the person who had committed the offense charged. The statement by defendant [*2]does not contain an admission establishing that there was sexual
contact (Penal Law § 130.00 [3]), or an admission to the sexual acts alleged by the victim in
the supporting deposition so as to provide such "weight and persuasiveness as to convince a
person of ordinary intelligence, judgment and experience that it is reasonably likely that such
offense was committed and that such person committed it" (CPL 70.10 [2]). 
Giving a reasonable, and not an overly technical reading of the underlying information
(see People v Konieczny, 2 NY3d at 576), the allegations by the officer contained in the
factual portion thereof and defendant's sworn statement annexed to the information, together with
the allegations contained in the supporting deposition, fail to establish reasonable cause to
believe that it was defendant who committed the crime charged (see Penal Law §
130.60 [2]; cf. People v Forsberg, 40 Misc 3d 132[A], 2013 NY Slip Op 51135[U] [App
Term, 2d Dept, 9th & 10th Jud Dists 2013]). Where, as here, the factual allegations of the
underlying information and supporting deposition are legally insufficient, the prosecutor's
information is also jurisdictionally defective (see CPL 170.35 [3] [b]; 100.40 [1] [c];
100.50 [2]; People v Stewart, 32
Misc 3d 133[A], 2011 NY Slip Op 51445[U] [App Term, 2d Dept, 2nd, 11th & 13th
Jud Dists 2011]).
While a misdemeanor complaint "serves as a basis for the commencement of a criminal
action, . . . it may serve as a basis for prosecution thereof only where a defendant has waived
prosecution by information" (CPL 100.00 [4]; see CPL 170.65 [3]). Under the
circumstances presented, the People could not be ready for trial on the misdemeanor complaint
(see People v Colon, 59 NY2d 921 [1983], revg 122 Misc 2d 790 [App Term, 1st
Dept 1982] for reasons stated in 110 Misc 2d 917 [Crim Ct, NY County 1981]; see also
People v Wilson, 86 NY2d 753, 754-755 [1995]; People v Caussade, 162 AD2d 4
[1990]; People v Reyes, 24 Misc 3d
51 [App Term, 2d Dept, 9th & 10th Jud Dists 2009]). Consequently, the People's
statement of readiness was illusory. As more than 90 days in this prosecution of a class A
misdemeanor (see CPL 30.30 [1] [b]) are chargeable to the People, the Justice Court
properly granted defendant's motion to dismiss the accusatory instrument on speedy trial
grounds.
Accordingly, the order is affirmed.
RUDERMAN, P.J., EMERSON and VOUTSINAS, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 3, 2021