Jemrock Realty Co., LLC v Sternberg (2024 NY Slip Op 50148(U))

[*1]

Jemrock Realty Co., LLC v Sternberg

2024 NY Slip Op 50148(U)

Decided on February 15, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 15, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Perez, JJ.

571095/23

Jemrock Realty Company, LLC, Petitioner-Landlord-Appellant, 
against
Rabbi Shimshon Moshe Sternberg, and "Jane" Sternberg, Respondents-Occupants-Respondents, 
 and Freda Levi and "John" Sternberg and all other occupants of the premises, Respondents-Occupants.

Landlord appeals from an order of the Civil Court of the City of New York, New York County (Daniele Chinea, J.), dated March 31, 2023, which denied its motion for summary judgment of possession, to dismiss the affirmative defense asserted by respondents Shimshon Moshe Sternberg and "Jane" Sternberg, and for leave to discontinue the proceeding as against respondent Freda Levi, in a holdover summary proceeding.

Per Curiam.
Order (Daniele Chinea, J.), dated March 31, 2023, modified to grant so much of petitioner's motion as sought leave to discontinue the proceeding as against respondent Freda Levi; as modified, order affirmed, without costs. 
We agree with Civil Court that this holdover proceeding is not susceptible to summary disposition, since petitioner failed to eliminate all triable issues of fact with respect to the succession defenses of Shimshon Moshe Sternberg and "Jane" Sternberg (hereinafter respondents) (see Rent Stabilization Code [RSC][9 NYCRR] § 2523.5[b][1]). While the record contains evidence that respondents, the son and daughter-in-law of the now-deceased tenant, spent considerable time in Israel during the two-year period prior to tenant's death, respondents' deposition testimony reveals that Shimshon Moshe Sternberg is a rabbi serving Kozhnitzer congregations in both New York and Israel, that he and his wife travel back and forth between New York and Israel to serve his respective congregations, and that when in Israel, respondents sleep in an apartment above the synagogue. 
While respondents would ultimately bear the "affirmative obligation" to establish succession rights at trial (RSC § 2523.5[e]), it was petitioner, as the movant for summary judgment, which had the initial burden to demonstrate as a matter of law the absence of triable issues regarding the succession defenses. Here, petitioner's own submission raises but does not resolve issues as to respondents' primary residence during the relevant time period and whether their absences were temporary and excusable. These issues require resolution by trial, not by summary judgment (see Extell Belnord LLC v Uppman, 113 AD3d 1, 12 [2013]; West 157th St. Assoc. v Sassoonian, 156 AD2d 137 [1989]; Coronet Props. Co. v Adelman, 112 AD2d 100 [1985]).
In addition, the issue of whether Shimshon Moshe Sternberg qualifies as a "disabled person" within the meaning of the Rent Stabilization Code succession provisions (see RSC § 2523.5[b][1], [5]) and can make the requisite showing that his impairment "substantially limit[s]" a major life activity is a matter for trial (id., see Belnord Realty Assoc., L.P. v Joseph, 10 Misc 3d 43, [App Term, 1st Dept 2005]). However, it is undisputed that "Jane" Sternberg was only 57 years old at the time of the tenant's death in 2017, and only turned 62 in 2022. Therefore, she is not entitled to the "senior citizen" one-year co-occupancy exception afforded by the Code (RSC § 2523.5[b][1]; see 6914 Ridge Blvd., LLC v Delao, 2023 NY Slip Op 23364 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2023]; 550 Equities LLC v Washington, 67 Misc 3d 127[A], 2020 NY Slip Op 50394[U][App Term, 1st Dept 2020]).
Finally, the motion court should have granted that portion of landlord's motion seeking leave to discontinue the proceeding as against Freda Levi, who did not answer the petition or otherwise appear in the proceeding (CPLR 2103[e]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: February 15, 2024