West Side Marquis LLC v Maldonado (2024 NY Slip Op 50169(U))

[*1]

West Side Marquis LLC v Maldonado

2024 NY Slip Op 50169(U)

Decided on February 23, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 23, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Perez, JJ.

571225/23

West Side Marquis LLC, Petitioner-Landlord-Appellant,
against
Carlos Maldonado, Respondent-Tenant-Respondent, and "John Doe" and "Jane Doe," Respondents.

Landlord, as limited by its briefs, appeals from so much of an order of the Civil Court of the City of New York, New York County (Daniele Chinea, J.), dated August 5, 2022, which granted tenant's cross motion for summary judgment dismissing the petition in a holdover summary proceeding.

Per Curiam.
Order (Daniele Chinea, J.), dated August 5, 2022, insofar as appealed from, reversed, with $10 costs, cross motion denied, petition reinstated, and the matter remanded to Civil Court for further proceedings.
In 2006, as the subject building exited the Mitchell Lama program, DHCR issued an order incorporating a settlement agreement made under DHCR supervision (WSM Agreement), setting the legal regulated rent for the premises and approving a lower (preferential) annual collectible rent (ACR) for certain tenants and their qualifying successors. All other successors would pay the legal regulated rent.
Respondent-tenant's grandmother, the then-tenant of apartment 6D, was a party to and signed the WSM. Upon his grandmother's death in June 2016, respondent insisted that, even though he did not qualify as an ACR successor under the WSM agreement, he is entitled to a renewal lease at the lower "preferential" rent paid by his grandmother. Tenant asserted that the amendment to section 26-511[c][14] of the Rent Stabilization Law (RSL), contained in the Housing Stability and Tenant Protection Act of 2019 (HSTPA) (L 2019, ch 36, § 1, part E, § 2) [*2]limits the rent that he can be charged to the amount paid prior to the renewal, as adjusted by guidelines increases. Civil Court determined that the HSTPA amendments supersede the 2006 DHCR order and the WSM Agreement, and dismissed the petition. We disagree.
RSL § 26-511(c)(14), in relevant part, provides that:
"For any tenant who is subject to a lease on or after the effective date of [HSTPA], or is or was entitled to receive a renewal or vacancy lease on or after such date, upon renewal of such lease, the amount of rent for such housing accommodation that may be charged and paid shall be no more than the rent charged to and paid by the tenant prior to that renewal, as adjusted by the most recent applicable guidelines increases and any other increases authorized by law." (emphasis added).
Here, respondent's entitlement to a renewal lease did not arise "on or after" the effective date of the HSTPA, which was June 14, 2019. Rather, his right as a successor tenant, though inchoate until ratified by judicial determination (see 245 Realty Assoc. v Sussis, 243 AD2d 29, 33 [1998]), "logically must relate back to the date creating his statutory rights, the death of the tenant of record" (id. at 33; see Marine Terrace Assoc. v Kesoglides, 44 Misc 3d 141[A], 2014 NY Slip Op 51303[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). Here, respondent's grandmother died in June 2016, three years prior to the 2019 enactment of the HSTPA. Moreover, even if respondent's right to a renewal lease is measured from the date he was granted succession rights, the HSTPA is still inapplicable because respondent was granted succession rights pursuant to a final judgment rendered on or about June 16, 2018 (see West Side Marquis LLC v Maldonado, Civ Ct, NY County, June 16, 2018, Schreiber, J., index No. LT 51088/17), one year prior to the HSTPA's enactment.
We reach no other issue.
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: February 23, 2024