People v Ramos (2025 NY Slip Op 50634(U))

[*1]

People v Ramos (Tomas)

2025 NY Slip Op 50634(U)

Decided on April 11, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 11, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., CHEREÉ A. BUGGS, LISA S. OTTLEY, JJ

2023-503 K CR

The People of the State of New York, Respondent,
against
Tomas Ramos, Appellant. 

Hamilton Clarke, LLP (Phillip C. Hamilton and Ethan Van Buren of counsel), for appellant.
Kings County District Attorney (Leonard Joblove, Ann Bordley and Melissa Owen of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Deepa Ambekar, J.), rendered December 12, 2022. The judgment, upon a jury verdict, convicted defendant of unlawful dissemination or publication of an intimate image, and imposed sentence.

ORDERED that the judgment of conviction is reversed, on the law, and the accusatory instrument is dismissed.
On June 18, 2021, defendant was charged in a misdemeanor complaint with aggravated harassment in the second degree (Penal Law § 240.30 [1] [a]), harassment in the first degree (Penal Law § 240.25), and harassment in the second degree (Penal Law § 240.26 [3]), all in connection with an incident on October 13, 2020, and with two counts of unlawful dissemination or publication of an intimate image (former Penal Law § 245.15 [1] [a] [i], [ii]), both in connection with an incident on May 30, 2021. Thereafter, the People filed a supporting deposition by the victim, who indicated that the facts stated in the complaint were based upon information furnished by her and were true upon her personal knowledge, thereby converting the accusatory instrument into an information (see CPL 170.65 [1] [a]). Subsequently, the People filed a prosecutor's information (see CPL 100.50 [2]) charging defendant with harassment in the second degree as to the October 13, 2020 incident and two counts of unlawful dissemination or publication of an intimate image as to the May 30, 2021 incident. The charge of harassment in [*2]the second degree and one count of unlawful dissemination or publication of an intimate image were later dismissed. Following a jury trial, defendant was convicted of the remaining charge of unlawful dissemination or publication of an intimate image in violation of former Penal Law § 245.15 (1) (a) (ii).
On appeal, defendant contends, among other things, that the factual allegations of the underlying information and supporting deposition were legally insufficient, thereby rendering the prosecutor's information jurisdictionally defective. The factual portion of the underlying information alleged, in relevant part, that, on May 30, 2021:
"the informant observed a video recording depicting the informant in a hot tub with the defendant and further depicting the informant with the defendant's penis in the informant's mouth. Deponent is further informed by the informant that the defendant made a recording of the above-described conduct and further that the informant did not consent to the recording or dissemination of said video."
At the time of defendant's conviction in 2022, Penal Law § 245.15 provided, in relevant part:
"1. A person is guilty of unlawful dissemination or publication of an intimate image when:
(a) with intent to cause harm to the emotional, financial or physical welfare of another person, he or she intentionally disseminates or publishes a still or video image of such other person, who is identifiable from the still or video image itself or from information displayed in connection with the still or video image, without such other person's consent, which depicts . . . (ii) such other person engaging in sexual conduct as defined in subdivision ten of section 130.00 of this chapter with another person; and
(b) such still or video image was taken under circumstances when the person depicted had a reasonable expectation that the image would remain private and the actor knew or reasonably should have known the person depicted intended for the still or video image to remain private, regardless of whether the actor was present when the still or video image was taken."
A prosecutor's information, filed pursuant to CPL 100.50 (2), is defective when "the factual allegations of the original information underlying it and any supporting depositions are not legally sufficient to support the charge in the prosecutor's information" (CPL 170.35 [3] [b]), or when it otherwise fails to conform to the requirements of CPL 100.35 (see CPL 100.40 [3]; People v Hassan, 63 Misc 3d 158[A], 2019 NY Slip Op 50838[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). For an underlying information to be facially sufficient, it must substantially conform to CPL 100.15 which provides, among other things, that "[t]he factual part of [an information] must contain a statement of the complainant alleging facts of an evidentiary character supporting or tending to support the charges" (CPL 100.15 [3]; see CPL 100.40 [1] [a]). Additionally, the factual allegations of an information, together with those of any supporting depositions, must "provide reasonable cause to believe that the defendant committed the offense charged" (CPL 100.40 [1] [b]; see People v Ocasio, 28 NY3d 178, 180 [2016]) and contain nonhearsay allegations which "establish, if true, every element of the offense charged and the defendant's commission thereof" (see CPL 100.40 [1] [c]). While the law does not require that an information contain the most precise words or phrases most clearly expressing the charges, the [*3]offense and factual bases therefor must be sufficiently alleged (see People v Konieczny, 2 NY3d 569, 575 [2004]).
Giving the underlying information a reasonable and not an overly technical reading (see People v Konieczny, 2 NY3d at 576), we find that the allegations contained in the factual portion thereof, together with the supporting deposition, failed to establish defendant's commission of every element of the particular offense charged (see former Penal Law § 245.15 [1] [a] [ii]; CPL 100.40 [1] [c]), to wit that the video was disseminated or published and that such dissemination or publication was done intentionally. The information merely alleges that the victim did not consent to the "dissemination" of the video and that she had "observed a video recording." Even if such dissemination could be inferrred, the allegations do not provide reasonable cause to believe that it was defendant who disseminated or published the intimate image (see CPL 100.40 [1] [b]; People v Solito-Leon, 73 Misc 3d 139[A], 2021 NY Slip Op 51174[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2021]), as there is no factual allegation linking defendant to any dissemination or publication of the video. Rather, it is simply alleged that the complainant was caused to "observe[ ]" an intimate video that had been taken by defendant, that she did not consent to the recording of the video, and that she did not consent to the "dissemination" of the video. Consequently, the prosecutor's information is jurisdictionally defective (see CPL 170.35 [3] [b]), requiring reversal of defendant's conviction and dismissal of the accusatory instrument.
In view of the foregoing, defendant's other contentions are rendered moot, and we decline to address them.
Accordingly, the judgment of conviction is reversed and the accusatory instrument is dismissed.
TOUSSAINT, P.J., BUGGS and OTTLEY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 11, 2025