Almonte v O'Neill (2025 NY Slip Op 50976(U))

[*1]

Almonte v O'Neill

2025 NY Slip Op 50976(U)

Decided on June 16, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 16, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., James, Perez, JJ.

570174/25

Angel L. Binet Almonte, Petitioner-Respondent,
against
Lawrence O'Neill, Emily O'Neill, Julianna O'Neill and Jennifer O'Neill, Respondents-Appellants, and "John Doe" and "Jane Doe," Respondents.

Respondents appeal from an order of the Civil Court of the City of New York, New York County (Vanessa Fang, J.), dated January 27, 2025, which denied their motion for summary judgment dismissing the petition and granted petitioner's cross-motion for leave to conduct discovery in a holdover summary proceeding.

Per Curiam.
Order (Vanessa Fang, J.), dated January 27, 2025, modified, to limit discovery to two years prior to September 1981, as modified, order affirmed, without costs. We agree with Civil Court that this holdover proceeding is not susceptible to summary dismissal, since respondent Lawrence O'Neill, the son of the tenant of record, failed in his burden to demonstrate the absence of triable issues with respect to his proffered succession defense (see New York City Rent and Eviction Regulations [9 NYCRR] § 2204.6 [d] [1]). Respondent's moving papers, though containing numerous documents, reveal significant omissions in evidence relating to the two-year period prior to tenant's death and the letters from two witnesses included within respondent's submission are conclusory (see 50 W. 96 Realty LLC v Lysle, 61 Misc 3d 134[A], 2018 NY Slip Op 51492[U] [App Term, 1st Dept 2018]).
Petitioner demonstrated "ample need" (New York Univ. v Farkas, 121 Misc 2d 643, 647 [Civ Ct, NY County 1983]; Park Cent. 1 LLC v Williams, 67 Misc 3d 144[A], 2020 NY Slip Op 50765[U] [App Term, 1st Dept 2020]) for document production, since it is clear that respondent possesses particular knowledge which could shed light on the occupancy issues raised in connection with his succession claim to the subject apartment (see 88 Third Realty, LLC v Kai Lin Li, 19 Misc 3d 135[A], 2008 NY Slip Op 50736[U] [App Term, 1st Dept 2008]). "Facts concerning respondent's residence, the period of co-occupancy with [tenant], and the use made of the premises are peculiarly within respondent's knowledge" (217 E. 82nd Street Co. v Perko, 10 Misc 3d 146[A], 2006 NY Slip Op 50157[U][App Term, 1st Dept 2006]).
However, the court erred by extending to four years the relevant period for the documents requested, and the order is modified to limit the period for the discovery sought to two years prior to the death of the rent-controlled tenant-of-record on September 14, 1981 (see 9 NYCRR § 2204.6 [d] [1]). Since it is undisputed that respondent was not a senior citizen at the time of tenant's death in 1981, he is not entitled to the senior citizen one-year co-occupancy exception (see Jemrock Realty Co., LLC v Sternberg, 81 Misc 3d 143[A], 2024 NY Slip Op 50148[U] [App Term, 1st Dept 2024]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 16, 2025