Orange Orch. Props. LLC v Gentry Unlimited, Inc. (2021 NY Slip Op 01206)





Orange Orch. Props. LLC v Gentry Unlimited, Inc.


2021 NY Slip Op 01206


Decided on February 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 25, 2021

Before: Manzanet-Daniels, J.P., Kern, Kennedy, Scarpulla, JJ. 


Index No. 100198/19 Appeal No. 13223 Case No. 2020-01612 

[*1]Orange Orchestra Properties LLC et al., Plaintiffs-Appellants,
v
Gentry Unlimited, Inc., et al., Defendants-Respondents.


Akerman LLP, New York (Massimo F. D'Angelo of counsel), for appellants.
Abrams Garfinkel Margolis Bergson, LLP, New York (Andrew W. Gefell of counsel), for respondents.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered on or about January 28, 2020, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion to amend the second amended complaint to add causes of action for breach of contract, breach of fiduciary duty, except as to proposed paragraph 204(iii), (vi), and (ix), fraud, and misrepresentation, and granted defendants' cross motion to dismiss the complaint as against the individual defendants, unanimously modified, on the law, to grant plaintiffs' motion to the extent of permitting the addition of paragraph 204 (iv) and (vii), and otherwise affirmed, without costs.
The factual allegations of the proposed third amended complaint are not set forth with sufficient particularity to support plaintiffs' fraud and misrepresentation claims that defendants falsely represented that there was a "wet over dry" rule that precluded plaintiffs' proposed renovations to their unit in the cooperative (CPLR 3016[b]). Even considering the allegations in paragraph 175 that defendants falsely represented that there was a restriction on "wet over dry" conditions, as distinct from a rule, plaintiffs failed to allege with specificity who made the representations, when they were made and their substance, and when (see INTL FCStone Mkts., LLC v Corrib Oil Co. Ltd., 172 AD3d 492, 493 [1st Dept 2019]). Since the basis of the breach of contract claim is the same as that of the fraud claim, the contract claim was also correctly dismissed (see id.).
Subsections (iv) and (vii) of paragraph 204 of the proposed breach of fiduciary duty cause of action, which allege that defendants acted in bad faith by failing to cure illegal conditions and by intruding into plaintiffs' home, are pleaded with the requisite particularity for a breach of fiduciary claim (see Parker Waichman LLP v Squier, Knapp & Dunn Communications, Inc., 138 AD3d 570 [1st Dept 2016]; CPLR 3016[b]).
The claims against the individual defendants were correctly dismissed (Hersh v One Fifth Ave. Apt. Corp., 163 AD3d 500 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 25, 2021