St Nicholas 24 LLC v Chavez-Lujan (2024 NY Slip Op 50755(U))

[*1]

St Nicholas 24 LLC v Chavez-Lujan

2024 NY Slip Op 50755(U) [83 Misc 3d 128(A)]

Decided on June 21, 2024

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 21, 2024
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Hagler, P.J., Tisch, James, JJ.

570090/24

St Nicholas 24 LLC,
Petitioner-Landlord-Appellant,
against
Carmen Chavez-Lujan, Respondent-Tenant-Respondent, and
Luis Chavez, Respondent-Tenant.

Landlord appeals from 1) an order of the Civil Court of the City of New York, New
York County (Jean T. Schneider, J.), dated July 13, 2020, which, after a nonjury trial on
the rent overcharge counterclaim, found that the rent charged on the base date was
affected by a fraudulent scheme to deregulate, and reopened the matter to permit the
parties to present additional evidence relevant to the default formula; 2) an order (same
court and Judge), dated March 1, 2021, which set a May 2012 base date, and awarded
tenant overcharge damages in the principal amount of $195,973.69; and 3) a judgment
(same court and Judge), entered May 10, 2022, upon stipulated facts, awarding tenant
$57,600 legal fees.

Per Curiam.
Appeal from order (Jean T. Schneider, J.), dated March 1, 2021, deemed an appeal
from the judgment (same court and Judge), entered on the same date, and so considered
(see CPLR 5520[c]), judgment affirmed, with $25 costs. Judgment (same court
and Judge), entered May 10, 2022, affirmed, without costs. Appeal from order (same
court and Judge), dated July 13, 2020, dismissed, without costs, as subsumed in the
appeal from the March 2021 judgment.
The trial court's finding that landlord engaged in a fraudulent scheme to deregulate
the subject apartment was based on a fair interpretation of the evidence (see Claridge
Gardens v Menotti, 160 AD2d 544, 544-545 [1990]). The trial evidence showed, and
the court specifically found that "[landlord] and its predecessors deliberately hid the
regulatory status of the apartment from their tenants by claiming that the apartment was
deregulated when it was actually registered with the DHCR and omitted the required
riders that would have demonstrated to a tenant that the apartment was still subject to
regulations." Furthermore, "[landlord] offered no evidence at the trial that would have
justified deregulation either in 2010, when the rent charged was $2,200, still below the
deregulation threshold in effect at that time, or in 2011 when [tenant] signed her first
[*2]lease" (see Matter of Grimm v State of NY Div. of Hous. &
Community Renewal Off. of Rent Admin., 15 NY3d 358, 366-367 [2010]; Butterworth v 281 St. Nicholas
Partners, LLC, 160 AD3d 434 [2018]; Vendaval Realty, LLC v Felder, 67 Misc 3d 145[A], 2020
NY Slip Op 50786[U] [App Term, 1st Dept 2020]). We note that landlord produced no
witnesses at trial, including the agent subpoenaed by tenant.
Landlord's claim that tenant failed to prove all the elements of fraud was not raised
below, and is thus unpreserved for appellate review (see CPLR 5501[a][3];
Hulsen v Morrison, 206 AD2d 459, 460 [1994]). In the circumstances, we need
not consider the applicability of subsequent legislation clarifying that "there need not be
a finding that all of the elements of common law fraud ... were satisfied in order to make
a determination that a fraudulent scheme to deregulate a unit was committed" (L 2024, ch
95, § 2-a; see L 2023, ch 760).
Because the court found that there was fraud, it properly applied the default formula
in determining the legal rent (see Matter of Grimm v State of NY Div. of Hous.
& Community Renewal Off. of Rent Admin., 15 NY3d at 365—366; Davis v Graham Ct. Owners
Corp., 211 AD3d 629, 630 [2022], lv denied 40 NY3d 902 [2023]).
We sustain the judgment for attorneys' fees as landlord offered no substantial
argument on appeal concerning that judgment, which was largely based upon stipulated
facts.
We have considered landlord's remaining arguments and find them, to the extent
preserved, unpersuasive.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 21, 2024