3308 Bronx, LLC v Wilson (2024 NY Slip Op 50756(U))

[*1]

3308 Bronx, LLC v Wilson

2024 NY Slip Op 50756(U) [83 Misc 3d 128(A)]

Decided on June 21, 2024

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 21, 2024
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Hagler, P.J., Tisch, James, JJ.

570126/24

3308 Bronx, LLC,
Petitioner-Landlord-Appellant,
against
Merrick A. Wilson d/b/a Five Points Banquet Hall and XYZ
Corp., Respondents-Tenants-Respondents.

Landlord appeals from an order of the Civil Court of the City of New York, Bronx
County (Verena C. Powell, J.), entered February 26, 2024, which denied its motion to
amend the petition nunc pro tunc in a holdover summary proceeding.

Per Curiam.
Order (Verena C. Powell, J.), entered February 26, 2024, affirmed, without
costs.
Paragraph 5 of the commercial holdover petition described the premises from which
removal is sought as "3308 Bronx LLC." Following tenant's default and an inquest,
landlord moved to amend paragraph 5 nunc pro tunc to describe the premises as "3308
White Plains Road, Ground Floor, Bronx, NY 10467-5703."
Civil Court providently exercised its discretion in denying the motion. Although the
failure to adequately describe the premises in the holdover petition, as required
byRPAPL 741(3), does not deprive the Civil Court of subject matter jurisdiction (see 156 Nassau Ave. HDFC v
Tchernitsky, 62 Misc 3d 140[A], 2019 NY Slip Op 50059[U] [App Term, 2nd
Dept, 2d, 11th & 13th Jud Dists 2019]; Jackson v New York City Hous.
Auth., 88 Misc 2d 121 [App Term, 1st Dept 1976]), we agree that the defective
description of the premises in this case could not be corrected by a nunc pro tunc
amendment of the plandletition (see US Airways, Inc. v Everything Yogurt Brands, Inc., 18 Misc
3d 136[A], 2008 NY Slip Op 50279[U] [App Term, 2nd Dept, 2d & 11th Jud
Dists 2008]). The defect was substantial, not de minimus, and we cannot say that it did
not materially mislead or confuse the tenant (cf. 307 W. 82nd St. Hous. Corp. v Zacharias, 59 Misc 3d
148[A], 2018 NY Slip Op 50785[U] [App Term, 1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 21, 2024