## Viohl v Chelsea W26 LLC

2024 NY Slip Op 34528(U)

December 27, 2024

Supreme Court, New York County

Docket Number: Index No. 158722/2022

Judge: Suzanne J. Adams

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. SUZANNE J. ADAMS**            **PART**        **39**

*Justice*

-------------------------------------------------------------------X

S. B. VIOHL

                  Plaintiff,

        - v -

CHELSEA W26 LLC,

                Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 158722/2022 |
| MOTION DATE | N/A |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57

were read on this motion to/for                  **JUDGMENT - SUMMARY**        .

Upon the foregoing documents, it is ordered that defendant Chelsea W26 LLC's (Chelsea W26) motion is denied. This matter was commenced in October 2022 as a class action brought on behalf of S.B. Viohl (Viohl) and other similarly situated rent stabilized tenants in the building located at 260 West 26th Street in Manhattan, of which Chelsea W26 is the fee owner. By decision and order of this court dated February 17, 2023, the court granted plaintiffs' motion to certify a class and a sub-class to the extent set forth in the parties' stipulations resolving the parameters of membership in the class and sub-class. Chelsea W26 now moves pursuant to CPLR 3212 to dismiss the complaint. Plaintiff opposes the motion. The court notes that the only documents annexed to the parties' papers relate to Viohl's apartment and that there is currently no evidence before the court concerning the rest of the building's rent stabilized units.

A party moving for summary judgment bears the burden of proof, by competent, admissible evidence, that no material and triable issues of fact exist. *See e.g., Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 (1985); *Sokolow, Dunaud, Mercadier & Carreras v Lacher*, 299

**158722/2022 VIOHL, S. B. vs. CHELSEA W26 LLC**
**Motion No. 002**

Page 1 of 8

1 of 8

[* 1]

AD2d 64, 70 (1st Dept 2002). Once that showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial of the action. *See e.g.*, *Zuckerman v City of New York*, 49 NY2d 557, 562 (1980); *Pemberton v New York City Tr. Auth.*, 304 AD2d 340, 342 (1st Dept 2003). However, pursuant to CPLR 3212 (f), "should it appear from affidavits submitted in opposition to the motion that facts essential to justify opposition may exist but cannot then be stated, the court may deny the motion or may order a continuance to permit affidavits to be obtained or disclosure to be had and may make such other order as may be just."

Viohl is the tenant of record of apartment 5D, a rent stabilized unit in the subject building, which is itself enrolled in the most recently enacted amended version of the Real Property Tax Law (RPTL) 421-a real estate tax abatement program. *Id.*, ¶ 2. Viohl first took possession of apartment 5D pursuant to a rent stabilized lease for the period October 1, 2020 through September 30, 2021. *See* NYSCEF documents 1, ¶ 4; 32. Viohl subsequently executed two rent stabilized renewal leases. *Id.*, NYSCEF documents 33, 34. Viohl's first lease allowed him to pay a lower monthly rent pursuant to a "rent concession agreement" that was annexed to and made a part of that lease. *Id.*, NYSCEF document 32. Both of Viohl's renewal leases also contained "temporary rent concession riders" that continued the parties' reduced rent payment agreement, albeit at increased monthly amounts. *Id.*, NYSCEF documents 33, 34. Viohl asserts that the monthly rent increase which Chelsea W26 sought in his second renewal lease exceeded the amount of such an increase permitted by law. *Id.*, NYSCEF document 1, ¶¶ 11-13. Chelsea W26 disputes this and asserts that the increase was proper. Chelsea W26 asserts that the lower monthly rent payments that it collected from Viohl were "temporary rent concessions" rather than a "preferential rent." *See* NYSCEF document 38 at 1-4 (defendant's mem of law). Chelsea W26 argues that

**158722/2022 VIOHL, S. B. vs. CHELSEA W26 LLC**
**Motion No. 002**

**Page 2 of 8**

2 of 8

[* 2]

"rent concessions" are not subject to the increase limitations applicable to "preferential rents" that are contained in the Housing Stability and Tenant Protection Act of 2019 (HSTPA) and the Rent Stabilization Law and Code (RSL and RSC). *Id.* Instead, Chelsea W26 argues that the increase which it sought to collect in Viohl's second renewal lease was a permissible discretionary act that accorded with the Appellate Division, First Department's, holding in *Burrows v 75-25 153rd St., LLC* (215 AD3d 105 [1st Dept 2023]). *Id.*, NYSCEF document 38, at 5-14. Chelsea W26 is mistaken on both counts.

First, it is clear that Viohl's monthly rent *is* a "preferential rent." Article 3 of his first lease ("Rent") plainly states that "[y]our monthly rent for the Apartment is $3,000.00 (three thousand dollars) until adjusted pursuant to Article 4 below."[1] *See* NYSCEF document 32. The "Rent Stabilization Rider" set forth on pages 21-14 of that lease further plainly provides that apartment 5D's "New Legal Regulated Rent" at the commencement of Viohl's tenancy is $8.012.01 per month, but that the unit's "Preferential Rent* (if charged)" is $3,000.00 per month. *Id.* "'[O]n a motion for summary judgment, the construction of an unambiguous contract is a question of law for the court to pass on, and . . . circumstances extrinsic to the agreement or varying interpretations of the contract provisions will not be considered, where ... the intention of the parties can be gathered from the instrument itself'." *Maysek & Moran v S.G. Warburg & Co*, 284 AD2d 203, 204 (1st Dept 2001), quoting *Lake Constr. & Dev. Corp. v City of New York*, 211 AD2d 514, 515 (1st Dept 1995). Here, Article 3 of Viohl's first lease charged rent of $3,000.00 per month and the lease's Rent Stabilization Rider provided that a $3,000.00 charge would constitute a "preferential rent." Thus the only reasonable interpretation of this unambiguous language is that Chelsea W26 permitted Viohl to pay a preferential rent for apartment 5D. The "Rent Concession Agreement" set forth on page 84 of that lease does not affect this finding. It merely stated that Chelsea W26

158722/2022   VIOHL, S. B. vs. CHELSEA W26 LLC
Motion No. 002

Page 3 of 8

agreed to give Viohl a rent concession totaling $4,500.00 of which $1,500.00 would be deducted from his second month's rent bill and $3,000.00 would be deducted from his eleventh month's rent bill. The agreement's text does not contain any mention or discussion of the terms "legal regulated rent" or "preferential rent" and therefore it is of no moment. Consequently, Chelsea W26's "temporary rent concession" assertion is factually unsupported.

Second, Chelsea W26's legal argument based on the *Burrows* holding is untenable. On March 1, 2024, Governor Hochul signed into law Senate Bill 8011/Assembly Bill 8506 (the "Chapter Amendments"), which amended Section 2 of Part B of Chapter 760 of the Laws of 2023. The relevant portion of the Chapter Amendments states as follows:

> "2-a. When a colorable claim that an owner has engaged in a fraudulent scheme to deregulate a unit is properly raised as part of a proceeding before a court of competent jurisdiction or the state division of housing and community renewal [DHCR], a court of competent jurisdiction or the [DHCR] shall issue a determination as to whether the owner knowingly engaged in such fraudulent scheme *after a consideration of the totality of the circumstances.*

> "In making such determination, the court or the [DHCR] shall consider all of the relevant facts and all applicable statutory and regulatory law and controlling authorities, *provided that there need not be a finding that all of the elements of common law fraud, including evidence of a misrepresentation of material fact, falsity, scienter, reliance and injury, were satisfied in order to make a determination that a fraudulent scheme to deregulate a unit was committed if the totality of the circumstances nonetheless indicate that such fraudulent scheme to deregulate a unit was committed.*

> "[The Chapter Amendments] shall take effect immediately and shall apply to any action or proceeding in any court or any application, complaint or proceeding before an administrative agency on the effective date of this act."

L 2023 ch 760, Part B, § 2 (b), as amended by L 2024, ch 95, §§ 4, 5 (emphases added).

In *Burrows*, the First Department had held that a tenant prosecuting a rent overcharge claim was required to establish all of the elements of a common-law fraud claim *at the pleading stages*

**158722/2022   VIOHL, S. B. vs. CHELSEA W26 LLC**
**Motion No. 002**

**Page 4 of 8**

4 of 8

*of his/her case* in order to disregard the RSL's four-year statute of limitations and four-year "lookback rule" and seek older evidence in a building's rent registration history which might demonstrate that the landlord had engaged in a "fraudulent scheme to deregulate" his or her apartment. *Burrows v 75-25 153rd St., LLC*, 215 AD3d at 113-116. However, the Chapter Amendments manifested the Legislature's intent to overrule and vacate the *Burrows* holding and to return to the "totality of the circumstances" standard that had been enunciated in copious prior Court of Appeals jurisprudence including *Thornton v Baron* (5 NY3d 175 [2005]), *Matter of Grimm v State of N.Y. Div. of Hous. & Community Renewal Off. of Rent Admin.* (15 NY3d 358 [2010]) and *Conason v Megan Holding, LLC* (25 NY3d 1 [2015]). Trial courts are only now beginning to apply the Charter Amendments. *See e.g., St Nicholas 24 LLC v Chavez-Lujan*, 83 Misc 3d 128(A), 2024 NY Slip Op 50755(U), * 1 (App Term, 1st Dept) ("subsequent legislation [i.e., the Chapter Amendments] clarif[ied] that 'there need not be a finding that all of the elements of common law fraud ... were satisfied in order to make a determination that a fraudulent scheme to deregulate a unit was committed.'"); *208 Evergreen LLC v Gomez*, 216 NYS3d 871, n3 (Civ Ct, Kings County 2024) ("We now follow in the footsteps of the Legislature, which passed the Rent Regulation Reform Act of 1997 and clarified the law on overcharges. These [Chapter] Amendments make clear that [*Burrows ...*] is no longer good law, and are returned to the *Thorton* [sic], *Grimm, Connison* [sic] line of cases."). Having been commenced on October 14, 2022, this matter was still pending before this court when the Chapter Amendments took effect on March 1, 2024. Applying the relevant provisions of the Chapter Amendments to this case requires the court to reject all of Chelsea W26's arguments drawn from the now overruled *Burrows* holding.

One of those arguments was the *Burrows* court's approval of the proposition that a rent concession should not be applied as part of a preferential rent. *Burrows v 75-25 153rd St., LLC*,

**158722/2022 VIOHL, S. B. vs. CHELSEA W26 LLC**
**Motion No. 002**

**Page 5 of 8**

[* 5]

5 of 8

215 AD3d at 115-116. The court accepted this contention on the basis that the DHCR had issued a document ("Fact Sheet 40") setting forth the agency's policy of authorizing landlords to apply rent concessions to specified months of a tenant's lease term without consequence, and only to treat rent concessions that were applied in a pro-rated manner over a lease's entire term as granting permanent reductions to an apartment's legal regulated rent (which the landlord would be required to register). *Id.* Chelsea W26 argues that the rent concession riders on Viohl's original and renewal leases cannot be factored into his preferential rent because they applied the reductions only in specified months of each lease's term. *See* NYSCEF document 38 at 10-12. Chelsea W26's argument is disingenuous.

As background, the enactment of the HSTPA on June 14, 2019, amended RSL § 26-511 (c) (14) and RSC § 2521.1 (g) to provide that the "legal regulated rent" for an apartment in a building enrolled in the RPTL 421-a tax abatement program would be the monthly amount of "rent charged and paid" at that time. *See e.g. West Side Marquis LLC v Maldonado*, 81 Misc 3d 143(A), 2024 NY Slip Op 50169(U) (App Term, 1st Dept 2024). In Viohl's case, that amount was $3,000.00 per month. The fact that that amount is also listed on the lease as a "preferential rent" is of no moment.[2]

Under the *Burrows* holding, the fact that the rent concessions agreed to in Viohl's initial and renewal leases were to be applied in certain specified months would have been sufficient to immunize them against an argument that they conferred additional permanent reductions to apartment 5B's legal regulated rent. However, since *Burrows* was abrogated, courts have resumed considering tenants' arguments that facially discrete rent concessions actually constitute permanent reductions which the HSTPA requires to be carried forward in renewal leases. In *Bascom v 1875 Atl. Ave Dev., LLC* (227 AD3d 767 [2d Dept 2024]), which was decided after the

158722/2022   VIOHL, S. B. vs. CHELSEA W26 LLC
Motion No. 002

Page 6 of 8

6 of 8

Chapter Amendments were enacted, the Second Department affirmed that "prorated discounts are actually preferential rents, which must be the rent registered" with the DHCR, and held that where there is "evidence in the record that the apartments in [a] building were being advertised at prorated, 'net effective' rates that took . . . [a rent] concession into consideration," a tenant's claim was sufficiently supported to survive a dismissal motion. *Bascom,* 227 AD3d at 768. *See also Wise v 1614 Madison Partners, LLC,* 214 AD3d 550, 550 (1st Dept 2023), citing *Chernett v Spruce 1209, LLC,* 200 AD3d 596, 597 (1st Dept 2021); *Tomlex Realty LLC v Jeffrey S. Moore,* 218 NYS3d 918 (Civ Ct, Kings County 2024).

It appears that such evidence is present in the record. Annexed to plaintiffs' prior motion is a collection of "Streeteasy Omnibus Listings" for a quantity of the building's apartments. *See* NYSCEF document 15. A number of those listings state that "[T]he advertised rent is net effective reflecting one month free on a 12 months lease." *Id.* In *Bascom v 1875 Atl. Ave Dev., LLC* , the Second Department held that, since "there is . . . evidence in the record that the apartments in the building were being advertised at prorated, 'net effective' rates that took the one-month concession into consideration, . . . the allegation in the complaint that the defendant improperly manipulated the initial legal regulated rent is sufficient to survive the defendant's motion to dismiss," because "the lease rider 'must be read 'in the light of the circumstances existing at its making." 227 AD3d at 768, quoting *Flynn v Red Apple 670 Pac. St., LLC,* 200 AD3d 607, 609 (1st Dept 2021), quoting *Matter of Century Operating Corp. v Popolizio,* 60 NY2d 483, 488 (1983). Chelsea W26's arguments herein ignored this fact, disregarded the appellate precedent that recognized its significance, and do not take into consideration that *Burrows* has been abrogated by the Charter Amendments. Older precedent further holds that, where there is a directive to "review ... any available record of rental history necessary to set [an apartment's] . . . proper base date rent" (i.e.,

**158722/2022   VIOHL, S. B. vs. CHELSEA W26 LLC**
**Motion No.  002**

**Page 7 of 8**

[* 7]

7 of 8

a "totality of the circumstances" mandate, a landlord's motion for summary judgment should be deemed premature if discovery has not been completed. *See 72A Realty Assoc. v Lucas*, 49 Misc3d 137(A), 2015 NY Slip Op 51541(U), *1 (App Term, 1st Dept 2015) citing *72A Realty Assoc. v. Lucas*, 101 AD3d 401, 402 (1st Dept 2012). As noted above, no discovery has been taken in this action. Consequently, Chelsea W26's motion should be denied and discovery should proceed in this action.

Accordingly, it is hereby

ORDERED that defendant Chelsea W26 LLC's motion is denied.

This constitutes the decision and order of the court.

| | | |
|---|---|---|
| **12/27/2024** | | *S4* |
| **DATE** | | **SUZANNE J. ADAMS, J.S.C.** |

CHECK ONE:

| | CASE DISPOSED | | X NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | GRANTED | X DENIED | GRANTED IN PART | OTHER |

APPLICATION: SETTLE ORDER | SUBMIT ORDER

CHECK IF APPROPRIATE: INCLUDES TRANSFER/REASSIGN | FIDUCIARY APPOINTMENT | REFERENCE

**158722/2022 VIOHL, S. B. vs. CHELSEA W26 LLC**
**Motion No. 002**

Page 8 of 8

8 of 8