Cedar Capital Mgt. Group Inc v Lillie (2025 NY Slip Op 01569)

Cedar Capital Mgt. Group Inc v Lillie

2025 NY Slip Op 01569

Decided on March 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 18, 2025

Before: Webber, J.P., Friedman, González, Scarpulla, Michael, JJ. 

Index No. 656042/20|Appeal No. 3907|Case No. 2023-06801|

[*1]Cedar Capital Management Group Inc et al., Plaintiffs-Appellants,
v
Brian Lillie, et al., Defendants-Respondents, Andrew George Michael et al., Defendants. [And a Third-Party Action].

The Law Office of Daniel A. Singer PLLC, New York (Daniel A. Singer of counsel), for appellants.
Tim Carr, respondent pro se.
Thomas Kent, respondent pro se.
James J. DeCristofaro, New York, for Brian Lillie, Enterprise Holdings Group Ltd., Enterprise Holdings Group LLC, EHG Capital Management Limited, EHG Equities Limited, Lilliham Holdings Limited, Tracy Lillie, eCreative Group, Inc., and Three Wide Media, LLC, respondents.

Orders, Supreme Court, New York County (Robert R. Reed, J.), entered on or about August 9, 2023, which, to the extent appealed from as limited by the briefs, granted in part defendants' motions to dismiss the complaint (motion seqs. #12, 13, and 14) to the extent of dismissing the complaint in its entirety as against defendant Tom Kent (motion seq. 12); dismissing the complaint in its entirety against defendants Brian Lillie, Tracy Lillie, EHG Equities Ltd., Lilliham Holdings Limited, eCreative Group Inc, and Three Wide Media; dismissing the claims sounding in fraud, conspiracy to commit fraud, aiding and abetting fraud (the first through the eleventh causes of action) and unjust enrichment (the twenty-sixth causes of action) as against defendants Enterprise Holdings Group, Ltd., Enterprise Holdings Group LLC, and EHG Capital Management Ltd. (together, the Enterprise defendants) (motion seq. 13); and dismissing the complaint in its entirety as against defendant Tim Carr (motion seq. 14), unanimously affirmed, without costs.
Supreme Court properly dismissed the breach of contract claims against Brian Lillie, Tracy Lillie, Lilliham Holdings Limited, eCreative Group Inc, and Three Wide Media, as only the Enterprise defendants are parties to the relevant contracts (see Highland Crusader Offshore Partners, L.P. v Targeted Delivery Technologies Holdings, Ltd., 184 AD3d 116, 121 [1st Dept 2020]). With respect to the defendants against whom the claims were dismissed, plaintiffs cannot rest their breach of contract claim on an alter ego theory of liability, as they have not alleged particularized facts that warrant piercing the corporate veil of those defendants (see Andejo Corp. v South St. Seaport Ltd. Partnership, 40 AD3d 407, 407 [1st Dept 2007]; see also Skanska USA Building Inc. v Atlantic Yards B2 Owner, LLC, 146 AD3d 1, 12 [1st Dept 2016]), and a "simple breach of contract, without more, is not a fraud or wrong that would warrant piercing the corporate veil" (Skanska USA Building, 146 AD3d at 12).
Supreme Court also properly dismissed the fraud-based claims against all defendants. The sparse allegations of material misrepresentations, which are focused on a characterization of the purported investments being a "scam" rather than a legitimate investment opportunity, were not sufficiently particular to allege fraud (CPLR 3016[b]; see Orange Orch. Props. LLC v Gentry Unlimited, Inc., 191 AD3d 609, 609 [1st Dept 2012]). In addition, the allegations underlying the fraud causes of action state only that defendants made general promises to meet payment obligations. Thus, the fraud claims allege nothing more than an insincere promise to perform under a contract (see e.g. Springut Law PC v Rates Tech. Inc.,157 AD3d 645, 646 [1st Dept 2018]; ID Beauty S.A.S. v Coty Inc. Headquarters, 164 AD3d 1186, 1186 [1st Dept 2018]). Indeed, the fraud claims seek damages identical to those recoverable for breach of contract (see e.g. Cronos Group Ltd. v XComIP, [*2]LLC, 156 AD3d 54, 63-64 [1st Dept 2017]).
Given the plaintiffs' failure to properly allege a cause of action for the underlying fraud, Supreme Court properly dismissed the conspiracy to commit fraud and aiding and abetting fraud claims (see e.g. Abacus Fed. Sav. Bank. v Lim, 75 AD3d 472, 474 [1st Dept 2010]; Simon v FrancInvest, S.A., 192 AD3d 565, 569 [1st Dept 2021]). The unjust enrichment claim was also properly dismissed because neither party disputes that there are several contracts governing the underlying subject matter (see Allenby LLC v Credit Suisse, AG, 134 AD3d 577, 579 [1st Dept 2015]).
We have considered plaintiffs' remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 18, 2025