13 E. 124 LLC v Taylor (2025 NY Slip Op 01765)

13 E. 124 LLC v Taylor

2025 NY Slip Op 01765

Decided on March 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 25, 2025

Before: Webber, J.P., Friedman, Mendez, Shulman, Higgitt, JJ. 

Index No. 151572/23|Appeal No. 3960|Case No. 2024-05601|

[*1]13 East 124 LLC, Appellant,
v
Jessica Taylor, Respondent.

Kucker Marino Winiarsky & Bittens, LLP, New York (Nativ Winiarsky of counsel), for appellant.
Manhattan Legal Services, New York (Steven Heller of counsel), for respondent.

Order, Supreme Court, New York County (Suzanne Adams, J.), entered on or about July 30, 2024, which, to the extent appealed from as limited by the briefs, denied plaintiff-landlord's motion for summary judgment on its causes of action for ejectment and declaratory judgment, and denied plaintiff-landlord's motion to dismiss defendant-tenant's affirmative defenses and counterclaims, unanimously affirmed, without costs.
Supreme Court properly denied the landlord's motion for summary judgment on its cause of action seeking a declaration that the apartment was deregulated in 2010. The landlord failed to establish its prima facie case that the rent for the apartment ever exceeded the high rent vacancy deregulation threshold under the Rent Stabilization Law (former Administrative Code of the City of NY § 26-504.2[a]), repealed by L 2019 ch 36; see also Nadler v Carmine Ltd., 231 AD3d 485, 486 [1st Dept 2024]). The landlord failed to submit any leases, other than the tenant's 2020 renewal lease, to corroborate the amounts set forth in the New York State Division of Housing and Community Renewal (DHCR) rent history.
In fact, the DHCR rent history shows that the registered rent for the apartment never surpassed the $2,000 per month high rent vacancy deregulation threshold, and the landlord failed to provide evidence that it had otherwise complied with the requirements of the Rent Stabilization Law (see Matter of AEJ 534 E. 88th, LLC v New York State Div. of Hous. & Community Renewal, 194 AD3d 464, 471 [1st Dept 2021]). Furthermore, absent evidence that the relevant leases expressly provided that the legal regulated rent was raised beyond the deregulation threshold at any point, the landlord cannot establish that the apartment was deregulated (see Matter of West 147 & 150, LLC v New York State Div. of Hous. and Community Renewal, 191 AD3d 419, 419 [1st Dept 2021]).
Because the landlord's ejectment cause of action was predicated on the apartment's purported deregulation, summary judgment was properly denied on that cause of action as well. Denial was further warranted because the tenant had not answered the ejectment cause of action, rendering summary judgment premature under CPLR 3212(a) (see Valentine Tr. v Kernizan, 191 AD2d 159, 160 [1st Dept 1993]).
The court also properly denied the landlord's motion to dismiss the tenant's affirmative defenses and counterclaims. The first affirmative defense asserting that the apartment remained subject to rent stabilization, and the second affirmative defense that the landlord failed to preserve the legal regulated rent in order to avail itself of the high rent vacancy deregulation both concern the status of the apartment. Thus, because the landlord could not establish on its motion for summary judgment that the apartment is subject to deregulation, it was also unable to provide a basis for dismissing the affirmative defenses.
For the same reason, the tenant's second counterclaim for rent overcharges was properly [*2]sustained. Moreover, in view of the recently-enacted amendments to the Rent Stabilization Code (9 NYCRR § 2520, et seq.) and the Rent Stabilization Law (former Administrative Code § 26-504, repealed by L 2019, ch 36, as amended by L 2024, ch 95, § 2-a) addressing the elements required to prove a fraudulent scheme to remove an apartment from rent regulation, this counterclaim should be considered in the first instance on a complete record (see St. Nicholas 24 LLC v Chavez-Lujan, 83 Misc 3d 128[A], 2024 NY Slip Op 50755 [U] [App Term 1st Dept 2024]).
The court also properly denied dismissal of the tenant's third and fourth affirmative defenses relying on res judicata and collateral estoppel arising from the February 26, 2020 DHCR rent reduction order (see Gersten v 56 7th Ave. LLC, 88 AD3d 189, 201 [1st Dept 2011]). Here, the DHCR order expressly relied on provisions of the Rent Stabilization Code to find that the tenant was entitled to a rent reduction for reduced services, and there is no evidence in the record that the landlord disputed the application of the Rent Stabilization Code to the proceeding or filed a petition for administrative review asserting that the apartment was deregulated. Accordingly, the landlord failed to utterly refute the tenant's third and fourth affirmative defenses asserting that the apartment's rent-stabilized status was fully litigated and decided by the 2020 DHCR order (id.).
The court properly sustained the tenant's combined affirmative defense and first counterclaim for retaliation under Real Property Law § 223-b and third counterclaim for tenant harassment under Administrative Code § 27-2004(a)(48). The record shows that the landlord and tenant settled the tenant's 2020 Civil Court action asserting a cause of action for breach of the warranty of habitability on January 18, 2023, and the landlord served the notice of nonrenewal less than a month later on February 16, 2023, rendering both counterclaims timely and adequately pleaded under the statutes. Refusal to renew a tenant's lease is expressly included in the actions deemed retaliatory under Real Property Law § 223-b(2).
Furthermore, the tenant's assertions that the landlord failed to cure conditions in the apartment caused by the landlord's construction, which resulted in violations imposed by the New York City Department of Housing Preservation and Development, and continued to cause distress to the tenant and her daughter through the date of the motion, are sufficient to sustain the tenant harassment counterclaim at the pleadings stage (see Berg v Chelsea Hotel Owner, LLC, 203 AD3d 484, 486 [1st Dept 2022]).
Because both the overcharge and retaliation counterclaims remain viable, the tenant may still prevail on her counterclaim for attorneys' fees (Real Property Law § 223-b[3]; Administrative Code § 26-516[a][4]).
We have considered the landlord's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME [*3]COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 25, 2025