| **Orange Orch. Props., LLC v Gentry Unlimited, Inc.** |
|:---:|
| 2025 NY Slip Op 31214(U) |
| April 10, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 100198/2019 |
| Judge: John J. Kelley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. JOHN J. KELLEY**

*Justice*

PART 56M

-----------------------------------------------------------------------------X

ORANGE ORCHESTRA PROPERTIES, LLC, TIMOTHY MOORE, individually, and in his capacity as a member of ORANGE ORCHESTRA PROPERTIES, LLC, shareholder of GENTRY UNLIMITED, INC., and MARY MOORE, individually, and in her capacity as a member of ORANGE ORCHESTRA PROPERTIES, LLC, shareholder of GENTRY UNLIMITED, INC.,

INDEX NO. 100198/2019

MOTION DATE 01/27/2025

MOTION SEQ. NO. 006

Plaintiffs,

- v -

GENTRY UNLIMITED, INC., and THE BOARD OF DIRECTORS OF GENTRY UNLIMITED, INC.,

**DECISION + ORDER ON MOTION**

Defendants.

-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 006) 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191

were read on this motion to/for          JUDGMENT - SUMMARY          .

## I.     INTRODUCTION

This is an action for declaratory and injunctive relief against a residential cooperative corporation and the board of directors of that corporation, and to recover damages against those defendants for, inter alia, trespass to property and unlawful eviction, arising from the defendants' denial of the plaintiffs' proposed plans to alter and rehabilitate a cooperative apartment unit, and its concomitant termination of the underlying proprietary lease.  The plaintiff Orange Orchestra, LLC (Orange), moves pursuant to CPLR 3212 for partial summary judgment,

(a) on the tenth cause of action, awarding plaintiffs a judgment against the defendant The Board of Directors of Gentry Unlimited, Inc. (the board). for disgorgement of all maintenance payments that plaintiffs made to the cooperative, together with all compensatory and consequential damages, and scheduling a hearing to determine the amount of such payments and damages owed by the board;

[* 1]

(b) on the first cause of action, declaring that the Notice of Termination dated May 14, 2018, and issued by defendants, is null, void, and of no effect;

(c) on the second cause of action, declaring that plaintiffs' plans for its alteration work are approved and should proceed forthwith;

(d) on the third cause of action, awarding the plaintiffs a permanent mandatory injunction against the defendants requiring the unconditional and irrevocable approval of the plaintiffs' plans for their proposed alteration work; and

(e) on the ninth cause of action, awarding plaintiffs their attorneys' fees and disbursements incurred in connection with this action, and scheduling a hearing to determine the amount of such attorneys' fees and disbursements owed by the board

The defendants oppose the motion.  The motion is denied.

## II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Orange is the owner of shares allocated to an apartment in a Manhattan apartment building that is owned by the defendant Gentry Unlimited, Inc. (Gentry), a residential cooperative corporation.  The plaintiffs Timothy Moore and Mary Moore are the sole members of Orange, and both of them are tenant-shareholders of Gentry.  The board denied Orange's application for permission to alter, renovate, and rehabilitate that apartment, thus rejecting a plan that required the relocation of gas pipes, and the installation of plumbing and other water-using fixtures and appliances in a room immediately above a room in another apartment in which no such fixtures were installed, a so-called "wet-over-dry" configuration.  The plaintiffs' first alteration proposal, which included architectural plans, indicated that they wished to perform the following work:

"Removal of existing loft bed and existing furniture, removal of materials to expose brick walls, replace worn out and rotten floorboards, replace all kitchen units and counters, replace bathroom fixtures and bathtub, upgrade electrical panel to code, install overhead LED lighting, replace window jam[b]s and trims, install new air conditioning, refinish floors and possibly alter door.  Total Cost of Project: 30-40K."

According to the defendants, however, after the board approved that work, the defendants discovered that, without the knowledge even of the plaintiffs' retained architect, the plaintiffs' contractors had re-routed a gas riser without obtaining permits, installed ceiling segments and

100198/2019   ORANGE ORCHESTRA PROPERTIES vs. GENTRY UNLIMITED, INC.                    Page 2 of 12
Motion No.  006

2 of 12

[* 2]

walls that were not fire-rated, improperly installed frames around certain windows, and planned to install a heating, ventilation, and air-conditioning (HVAC) drain in a manner that had not been approved by the board. The defendants further contended that the plaintiff Timothy Moore prevented board representatives from entering the subject apartment to review or inspect any of the work.

The plaintiffs thereafter submitted a second alteration proposal that included re-routing of the gas riser and waste lines, and relocation of the kitchen so that it would be located above a room in another apartment that was neither a kitchen, bathroom, nor laundry room. On May 11, 2017, the board rejected the second proposal on the grounds that the kitchen relocation would create a wet-over-dry configuration, and because the kitchen sink, dishwasher, refrigerator, and waste line would be located dangerously close to the building's electrical system. By letter dated July 21, 2017, the board, after reconsidering the issue of the gas-line relocation, rejected that proposal as well.

The board concluded that the plaintiffs had undertaken unauthorized work for at least three years, determined that they were in default of their obligations under the proprietary lease, and issued a notice of default on March 23, 2018, directing them to restore the re-routed gas line to its original location by April 27, 2018. On May 14, 2018, the board served the plaintiffs with a notice of termination, informing them that the proprietary lease would expire on May 24, 2018 if they did not cure their default by that date. The defendants contended that, in accordance with paragraph 31 of the proprietary lease, all of the plaintiffs' "right, title, and interest" in the proprietary lease expired on May 24, 2018.

Initially, the plaintiffs, who were originally petitioners/plaintiffs, commenced a hybrid CPLR article 78 proceeding and plenary action against the defendants and several individual board members, seeking judicial review of the board's determination to deny permission to construct the wet-over-dry configuration and make the other proposed alterations, and also sought declaratory, monetary, and injunctive relief. The defendants, who were then

100198/2019   ORANGE ORCHESTRA PROPERTIES vs. GENTRY UNLIMITED, INC.          Page 3 of 12
Motion No.  006

3 of 12

respondents/defendants in the hybrid proceeding and action, moved to dismiss the petition/complaint (SEQ 001). While that motion was pending, the plaintiffs withdrew the petition/complaint, and instead served and filed an amended complaint on April 26, 2019, rendering that motion academic. On June 14, 2019, the defendants served and filed an answer to the amended complaint.

On August 12, 2019, the plaintiffs moved to amend their first amended complaint (SEQ 002). In an order dated September 10, 2019, the court (Edmead, J.), granted the plaintiffs' motion, and permitted them to serve a second amended complaint. On October 1, 2019, the plaintiffs served and filed a second amended complaint. In an order dated November 6, 2019 (SEQ 003), the court (Edmead, J.) denied those branches of the plaintiffs' motion that sought leave to amend the second amended complaint so as to add causes of action sounding in fraud/misrepresentation, breach of contract, and some claims sounding in breach of fiduciary duty; she granted that branch of the plaintiffs' motion that sought to add a claim that the defendants breached their fiduciary duty to the plaintiffs by treating their application for renovations and alterations differently from similar applications submitted by more-favored shareholders. Specifically, the plaintiffs were permitted to assert that their application to the board was denied, in large part, because their proposed wet-over-dry configuration was disapproved, while at least one other shareholder, board member Alisha Mahoney, was expressly granted permission to renovate her unit with a wet-over-dry configuration. In the same order, the court granted the defendants' cross motion to dismiss the second amended complaint insofar as asserted against each of the individual members of the board. The plaintiffs, however, did not immediately serve a third amended complaint, as permitted by the November 6, 2019 order, but instead appealed so much of that order as denied those branches of their motion that sought leave to amend the pleading so as to assert certain breach of fiduciary duty claims.

100198/2019   ORANGE ORCHESTRA PROPERTIES vs. GENTRY UNLIMITED, INC.          Page 4 of 12
   Motion No.  006

4 of 12

[* 4]

In a decision and order dated February 25, 2021, the Appellate Division, First Department, additionally permitted the plaintiffs to include, in their third amended complaint, allegations that the defendants breached the fiduciary duty that they owed to the plaintiffs by failing to cure "other known illegal conditions within the building[,] some of which constitute life safety hazards and fire issues" and "[v]iolating the Cooperative's governing documents by intruding into Plaintiffs' Unit, thereby interfering with their use and enjoyment of their Unit and trespassing" (*see Orange Orch. Props., LLC v Gentry Unlimited, Inc.*, 191 AD3d 609 [1st Dept 2021]).

On March 31, 2021, the plaintiffs finally served and filed their third amended complaint, but omitted the individual board members as party defendants, and, in accordance with the Appellate Division's determination, added a tenth cause of action to recover for certain claims involving breach of fiduciary duty. Despite the permission granted to them in Justice Edmead's November 6, 2019 order, the breach of fiduciary duty cause of action set forth in the third amended complaint did not include an allegation of discriminatory treatment, but was limited to the allegations that the defendants acted in bad faith by failing to cure illegal conditions and by intruding into the plaintiffs' unit, as permitted by the Appellate Division's order. The third amended complaint was, in all other respects, virtually identical to the first amended complaint and second amended complaint. On May 27, 2021, in lieu of answering the third amended complaint, the defendants moved to dismiss it, based on a defense founded upon documentary evidence (CPLR 3211[a][1]), lack of standing (CPLR 3211[a][3]), and for failure to state a cause of action (CPLR 3211[a][7]), the latter based, among other things, on the contention that the business judgment rule applicable to residential cooperative corporations barred the plaintiffs' claims. In an order dated December 23, 2021, this court granted the defendants' motion to dismiss only to the extent that (a) the third amended complaint was dismissed insofar as asserted by Mary Moore, both individually and in her capacity as a member of Orange Orchestra, LLC, for lack of standing, (b) the first, second, third, fourth, fifth, sixth, seventh, ninth,

and tenth causes of action in the third amended complaint were dismissed insofar as asserted by Timothy Moore, both individually and in his capacity as a member of Orange Orchestra, LLC, for lack of standing, and (c) the tenth cause of action in the third amended complaint was dismissed insofar as asserted by the plaintiff Orange Orchestra, LLC, only as against the defendant Gentry Unlimited, Inc., for failure to state a cause of action. The motion was otherwise denied (SEQ 005). On February 29, 2024, the plaintiffs filed the instant motion.

III.     DISCUSSION

In support of its summary judgment motion, Orange submitted a statement of material facts, the third amended complaint, this court's December 23, 2021 order disposing of the motion under SEQ 005, the board's May 14, 2018 termination notice, the deposition transcripts of Gentry shareholder and board member Mahoney and Jorge Fontan, the plaintiffs' architect, a letter from Fontan regarding the plaintiffs' wish to reroute the gas lines, a field report from Andrew Fredman, the board's architect, and an affirmation of Timothy Moore. Orange contended that, inasmuch as the defendants did not answer or otherwise provide affirmative defenses to the allegations set forth the third amended complaint, the court should deem the allegations admitted and award summary judgment to Orange. Orange further contended that the board breached its fiduciary duty when it refused to approve the proposed alterations based on the presence of a wet-over-dry condition, even though the same condition was previously allowed in Mahoney's apartment, thus constituting discrimination against Orange. Finally, Orange contended that it is entitled to summary judgment on its first, second, and third causes of action because of the board's breach of its fiduciary duty to Orange.

In opposition to Orange's motion, the defendants submitted a counterstatement of material facts, the third amended complaint, this court's December 23, 2021 order, a copy of the relevant proprietary lease, house rules, and by-laws, the alteration agreement form, a notice of default under the proprietary lease, the notice of termination of the proprietary lease, the Moores' March 3, 2017 alteration proposal, the Fredman field report, an affirmation in support

100198/2019   ORANGE ORCHESTRA PROPERTIES vs. GENTRY UNLIMITED, INC.          Page 6 of 12
Motion No.  006

6 of 12

[* 6]

from Mahoney, and correspondence.  The defendants argued that Orange cannot move for summary judgment since an answer to the third amended complaint has not been filed and, thus, issue has not been joined.  The defendants also argued that summary judgment should be denied because the third amended complaint does not allege the claim upon which Orange seeks relief.  The defendants further argued that, in any event, the board denied the proposed alterations in good faith because the alterations posed safety-related risks to the building and its residents.  Finally, the defendants argued that summary judgment on the first, second, and third causes of action should be denied since they flow from the breach of fiduciary duty cause of action, which itself was flawed and unviable.

A.  Summary Judgment Standards

CPLR 3212(a) provides that "[a]ny party may move for summary judgment . . . after issue has been joined."  In other words, a motion for summary judgment on a complaint presupposes the joinder of issue (*see White House Manor, Ltd. v Benjamin*, 11 NY3d 393, 400-401 [2008]; *Wittlin v Schapiro's Wine Co.*, 178 AD2d 160, 161 [1st Dept 1991]; *see also Spagnoletti v Chalfin*, 131 AD3d 901, 901-902 [1st Dept 2015]; *Four Seasons Hotels v Vinnik*, 127 AD2d 310, 320 [1st Dept 1987] ["Special Term erred not because summary judgment is unavailable to a pleader prior to joinder of issue, but because summary judgment is unavailable to either side prior to joinder of issue absent CPLR 3211(c) notice"]).  "A motion for summary judgment may not be made before issue is joined (CPLR 3212[a]) and the requirement is strictly adhered to" (*City of Rochester v Chiarella*, 65 NY2d 92, 101 [1985]; *see 13 E. 24, LLC v Taylor*, \_\_\_\_\_AD3d\_\_\_\_\_, 2025 NY Slip Op 01765, *1 [1st Dept, Mar. 25, 2025]).  Moreover, where a plaintiff serves an amended complaint, an amended answer is required for issue to be joined (*see Valentine Tr., Inc. v Kernizan,* 191 AD2d 159, 160 [1st Dept 1993]; *Grabova v Luna Park Hous. Corp.,* 31 Misc 3d 1221[A], 2011 NY Slip Op 50761[U], *3, 2011 NY Misc LEXIS 2002, *5 [Sup Ct, Kings County, May 2, 2011]; *Perez v Rover Realty, LLC,* 31 Misc 3d 1222[A], 2011 NY Slip Op 50795[U], *4, 2011 NY Misc LEXIS 2074, *11-12 [Sup Ct, Kings County, May 4, 2011];

[* 7]

*see also* CPLR 3025[d]).  Thus, summary judgment cannot be awarded to Orange here since issue has not yet been joined in connection with their third amended complaint, and, hence, Orange's motion for summary judgment is premature.[1]

In any event, even if issue were joined, and Orange's summary judgment motion were properly before the court, the court would be constrained to deny it.

It is well settled that the movant on a summary judgment motion "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985] [citations omitted]).  The motion must be supported by evidence in admissible form (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]), as well as the pleadings and other proof such as affidavits, depositions, and written admissions (*see* CPLR 3212).  The facts must be viewed in the light most favorable to the non-moving party (*see Vega v Restani Constr. Corp.*, 18 NY3d 499, 503 [2012]).  In other words, "[i]n determining whether summary judgment is appropriate, the motion court should draw all reasonable inferences in favor of the nonmoving party and should not pass on issues of credibility" (*Garcia v J.C. Duggan, Inc.*, 180 AD2d 579, 580 [1st Dept 1992]).  Once the movant meets his or her burden, it is incumbent upon the non-moving party to establish the existence of material issues of fact (*see Vega v Restani Constr. Corp.*, 18 NY3d at 503).  A movant's failure to make a prima facie showing requires denial of the motion, regardless of the sufficiency of the opposing papers (*see id.*; *Medina v Fischer Mills Condo Assn.,* 181 AD3d 448, 449 [1st Dept 2020]).

"The drastic remedy of summary judgment, which deprives a party of his [or her] day in court, should not be granted where there is any doubt as to the existence of triable issues or the

---

[1] The defendants contended that, even though the plaintiffs served the third amended complaint on March 31, 2021 by uploading it to the New York State Court Electronic Filing system (*see* CPLR 2103[b][7]), the time to answer it never began to run.  Specifically, they alleged that, after this court, in its December 23, 2021 order, denied, in part, their motion to dismiss the third amended complaint, the plaintiffs never served a copy of that order with notice of entry upon them.  Hence, they argued that the 10-day period within which they were obligated to serve an answer (*see* CPLR 3211[f]) never began to run.

**100198/2019   ORANGE ORCHESTRA PROPERTIES vs. GENTRY UNLIMITED, INC.**      **Page 8 of 12**
  **Motion No.  006**

issue is even 'arguable'" (*De Paris v Women's Natl. Republican Club, Inc*., 148 AD3d 401, 403-404 [1st Dept 2017]; *see Bronx-Lebanon Hosp. Ctr. v Mount Eden Ctr*., 161 AD2d 480, 480 [1st Dept 1990]). Thus, a moving defendant does not meet his or her burden of affirmatively establishing entitlement to judgment as a matter of law merely by pointing to gaps in the plaintiff's case. He or she must affirmatively demonstrate the merit of his or her defense (se*e Koulermos v A.O. Smith Water Prods*., 137 AD3d 575, 576 [1st Dept 2016]; *Katz v United* Synagogue of Conservative Judaism, 135 AD3d 458, 462 [1st Dept 2016]).

Orange failed to establish its prima facie entitlement to judgment as a matter of law, since its third amended complaint did not allege a breach of fiduciary duty based on discriminatory treatment, but was limited to the allegations that the defendants acted in bad faith by failing to cure illegal conditions and by intruding into the plaintiffs' home. In fact, neither the initial complaint nor any of the subsequent amended complaints alleged a breach of fiduciary duty based on discriminatory treatment, even though Justice Edmead previously had permitted Orange to include such an allegation. Where a claim or defense is not asserted in a pleading or a bill of particulars, a party who wishes to rely upon that claim or defense may not move for summary judgment in connection therewith (*see Bonano v City of New York,* 2017 NY Slip Op 32274[U], *16 n, 2017 NY Misc LEXIS 4071, *20 n [Sup Ct, N.Y. County, Oct. 24, 2017; *see also Symanska v Szymanski*, 2019 NY Misc LEXIS 40914, *7-8 [Sup Ct, Queens County, May 1, 2019]).

The court notes however, that even if Orange had alleged a breach of fiduciary duty based on discriminatory treatment, and thereupon established its prima facie entitlement to judgment as a matter of law in connection with that claim, summary judgment would remain inappropriate because the defendants nonetheless raised triable issues of fact in opposition to the plaintiffs' motion. The defendants explained, in an affidavit from a person with knowledge of the proposed plan and the building's layout, that the Moores' proposed alterations ultimately were denied because the proposed kitchen and waste-line relocation would have placed "wet"

100198/2019 ORANGE ORCHESTRA PROPERTIES vs. GENTRY UNLIMITED, INC.     Page 9 of 12
Motion No. 006

9 of 12

items, like a sink dishwasher, refrigerator, and the waste line itself, dangerously close to the building's electrical system, thus posing unnecessary risks. The defendants further explained that the proposed gas line relocation not only required shutting down the gas supply for units, or possibly the entire building, for an extended period of time, but also required opening up walls in other units to run new piping. Thus, a triable issue of fact would have been raised with regard to whether the denial of the wet-over-dry configuration was based on discriminatory treatment.

The court notes that because Orange's first, second, third, and ninth causes of action flow from the tenth cause of action, summary judgment would have been denied with respect to those causes of action as well.

B. <u>The Defendants' Application for Summary Judgment in their Favor</u>

Although the defendants have made no formal cross motion for summary judgment, "[a] court deciding a motion for summary judgment is empowered to search the record and may, even in the absence of a cross motion, grant summary judgment to a nonmoving party" (*New Hampshire Ins. Co. v MF Global, Inc.*, 108 AD3d 463, 467 [1st Dept 2013]; *see Horst v Brown*, 72 AD3d 434, 437 [1st Dept 2010]; CPLR 3212[b]). "[C]ourts retain discretion to entertain requests for affirmative relief that do not meet the requirements of CPLR 2215," referable to formal cross motions for relief (*Fried v Jacob Holding, Inc.*, 110 AD3d 56, 64-65 [2d Dept 2013]; *see* CPLR 2215). "[T]he court's search of the record," however, "is limited to those causes of action or issues that are the subject of the motion" (*New Hampshire Ins. Co. v MF Global, Inc.*, 108 AD3d at 467; *see Castlepoint Ins. Co. v Moore*, 105 AD3d 472, 474 [1st Dept 2013]; *Filannino v Triborough Bridge & Tunnel Auth.*, 34 AD3d 280, 281 [1st Dept 2006]). The court exercises its discretion and searches the records, but, upon exercising its discretion in this respect, it is constrained to deny summary judgment to the defendants because the records reflects the existence of triable issues of fact in connection the breach of fiduciary duty cause of action, whether limited to the pleaded claims of bad faith and unwarranted intrusion into the plaintiffs' dwelling space, or upon the unpleaded claim of discriminatory treatment.

[* 10]

The court cautions the defendants against making successive summary judgment motions, as such motions will not be entertained absent a showing of newly discovered evidence or other sufficient justification (*see Amill v Lawrence Ruben Co., Inc.*, 117 AD3d 433, 433 [1st Dept 2014]; *Ferolito v Vultaggio*, 99 AD3d 19, 29 [1st Dept 2012]; *Hoffeld v Lindholm*, 85 AD3d 635, 635 [1st Dept 2011]; *Jones v 636 Holding Corp.*, 73 AD3d 409, 409 [1st Dept 2010]; *Phoenix Four v Albertini*, 245 AD2d 166, 167 [1st Dept 1997] [denying successive summary judgment motion based on matters that could have been, but were not, raised in an earlier summary judgment motion]; *cf. Varsity Transit, Inc. v. Bd. of Educ.*, 300 A.D.2d 38, 39 [1st Dept 2002] [explaining exceptions to the rule]).

IV.     CONCLUSION

The court has considered the parties' remaining contentions and find them to be unavailing.

In light of the foregoing, it is

ORDERED that the motion of the plaintiff Orange Orchestra, LLC for partial summary judgment

    (a) on the tenth cause of action, awarding plaintiffs a judgment against defendant the Board of Directors of Gentry Unlimited, Inc for disgorgement of all maintenance payments that plaintiffs made to the cooperative together with all compensatory and consequential damages and scheduling a hearing to determine the amount of such payments and damages owed by the board;

    (b) on the first cause of action, declaring that the Notice of Termination dated May 14, 2018 issued by defendants is null, void, and of no effect;

    (c) on the second cause of action, declaring that plaintiffs' plans for its alteration work are approved and should proceed forthwith;

    (d) on the third cause of action, awarding plaintiffs a permanent mandatory injunction against defendants mandating the unconditional and irrevocable approval of plaintiffs' plans for its alteration work;

    (e) on the ninth cause of action awarding plaintiffs their attorneys' fees and disbursements incurred in connection with this action and scheduling a hearing to determine the amount of such attorneys' fees and disbursements owed by the board

**100198/2019   ORANGE ORCHESTRA PROPERTIES vs. GENTRY UNLIMITED, INC.**          **Page 11 of 12**
**Motion No.  006**

11 of 12

is denied; and it is further,

ORDERED that the cross application of the defendants Gentry Unlimited, Inc., and The Board of Directors of Gentry Unlimited, Inc., is granted only to the extent that the court has searched the record, and the cross application is otherwise denied; and it is further,

ORDERED that the defendants Gentry Unlimited, Inc., and The Board of Directors of Gentry Unlimited, Inc., shall file and serve an answer to the third amended complaint no later than May 9, 2025; and it is further,

ORDERED that the parties shall complete any and all remaining discovery no later than August 11, 2025; and it is further,

ORDERED that the plaintiffs Orange Orchestra, LLC, Timothy Moore, and Mary Moore shall filed the Note of Issue and Certificate of Readiness no later than August 22, 2025.

This constitutes the Decision and Order of the court.

<u>4/10/2025</u>
**DATE**

_____
**JOHN J. KELLEY, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**100198/2019   ORANGE ORCHESTRA PROPERTIES vs. GENTRY UNLIMITED, INC.**
**Motion No.  006**

**Page 12 of 12**

12 of 12